## NEW SHY CLOWN CASINO, INC., APPELLANT, *v.* DONALD AND NOVA BALDWIN, RESPONDENTS.

### No. 17360

May 29, 1987                                    737 P.2d 524

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* and *Mark Knobel,* Reno, for Appellant.

*McDonald, Carano, Wilson, Bergin, Frankovich & Hicks,* and *William A. S. Magrath,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In 1979 Donald and Nova Baldwin (Baldwins), as lessors, entered into a five year written lease agreement with New Shy Clown Casino, Inc. (New Shy Clown), as lessees, for the Shy Clown Casino premises in Sparks. Among various provisions, the lease provided for a $500,000.00 security deposit and a mandatory arbitration clause. When the lease period was up, the parties agreed that part of the security deposit would be retained by the Baldwins to cover rental payments due and owing from New Shy Clown.

When New Shy Clown quit the premises it had leased from the Baldwins, it demanded the return of the $221,359.00 balance of its security deposit. The Baldwins refused to return it on the ground that damages done to the premises by New Shy Clown or its sublessees exceeded the amount remaining in the security deposit.

Pursuant to the terms of the lease, the dispute was submitted to arbitration. The lease provided that should a dispute be resolved by arbitration, the "successful party" shall be entitled to recover all costs and expenses, including attorney's fees, incurred in resolving the dispute.

After hearing testimony regarding the estimated costs of repairing the premises, the arbitrators awarded the Baldwins the right to retain $137,214.00 of the deposit and directed them to pay New Shy Clown the remaining $77,912.00 plus $6,233.00 interest. Furthermore, the arbitrators specified that each party shall be responsible for their own costs, attorney's fees, and expenses.

New Shy Clown filed a motion in district court to confirm the award. The Baldwins moved to vacate or modify the award asking

the court to award them attorney's fees and costs. The district court remanded the matter to the arbitrators for clarification of whether the lease provision controlled the award of attorney's fees. The arbitrators responded that it did, whereupon the district court filed an order, and ultimately a judgment, awarding attorney's fees and costs to the Baldwins as the prevailing party in the arbitration.

Because the Baldwins received the larger award, the district court concluded that the Baldwins were the prevailing party and entitled to an award of attorneys' fees. The district court did not have the subject matter jurisdiction necessary to make such an award. The district court's power of review of an arbitration award is limited to the statutory grounds provided in the Uniform Arbitration Act. *See* City of Boulder v. General Sales Drivers, 101 Nev. 117, 694 P.2d 498 (1985). NRS 38.145 of the Act prescribes when a district court shall vacate an award, and NRS 38.155 prescribes when a district court shall modify or correct an award.

The district court's award of attorney's fees and costs, contrary to the arbitrators' award, is not within the scope of review provided for in either NRS 38.145 or NRS 38.155. Knowing that the parties' arbitration agreement included a provision for the award of attorney's fees and costs to the successful party, the arbitrators specifically stated that each party shall be responsible for their own fees and costs. From this award, it is clear that the arbitrators considered neither party to be the successful party. The arbitrators' award stating that each party shall bear his own fees and expenses was not subject to vacation or modification by the district court. The district court had no jurisdiction to award the Baldwins' attorney's fees.

Furthermore, the arbitrators were correct in not awarding either party's attorney's fees and costs. Both parties claimed entitlement to the entire remaining security deposit. Both parties partially succeeded in their claims, and likewise, both parties partially failed. Each received only a portion of the deposit they were claiming. There is no one prevailing or successful party to this arbitration.

The portion of the district court's judgment awarding attorney's fees and costs to the Baldwins should be reversed. The matter is reversed and remanded with instructions to confirm the arbitrators' award.