LOUIS RICHARDSON, dba RICHARDSON CONSTRUC-
TION COMPANY, and FAIRMONT INSURANCE
COMPANY, a California Corporation, Appellants,
v. LLOYD HARRIS, Respondent.

No. 21454

October 24, 1991                    818 P.2d 1209

*Cuthbert E. A. Mack,* Las Vegas, for Appellants.

*Foley & Jones* and *Daniel T. Foley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On June 13, 1986, Lloyd Harris (Harris) and Louis Richardson, dba Richardson Construction Company (Richardson), entered into a contract, whereby Richardson promised to construct a printing and office facility for Harris, for a price of $354,220.00. The project was to be substantially completed no later than November 22, 1986, and Richardson was to forfeit $500.00 for each day the project extended beyond the November 22, 1986 deadline.

On October 28, 1988, Harris filed a complaint against Richardson for breach of contract. Because a clause in the contract provided that the parties would submit to final, binding arbitration in the event of a dispute, the case went to an arbitration panel, submitted through the American Arbitration Association (AAA). After a hearing on the merits, the arbitration panel issued an award in favor of Richardson for $53,313.00.

On September 6, 1989, Harris' attorney, Jan Lauver, wrote a letter to the AAA, requesting that the arbitrators provide findings of fact and conclusions of law clarifying their award. She received no response. Meanwhile, on December 6, 1989, Richardson filed a motion for confirmation of the arbitrator's award and conversion of the award into a judgment. On December 27, 1989, Harris filed an opposition to Richardson's motion and requested that the district court correct or modify the arbitrator's award. Harris argued that the award failed to address all of the issues submitted for arbitration and that the award was miscalculated.

On January 2, 1990, Ms. Lauver wrote another letter to the AAA. This time, she requested that the AAA sign the letter, acknowledging its receipt and confirmation, and stated that because the AAA did not respond to the request of September 6, 1989, she presumed the application was denied. On January 9, 1990, the AAA sent Ms. Lauver a notice acknowledging receipt

of her letter dated January 2, 1990. However, the notice stated that the AAA would not be submitting a clarification of the award and that the award would stand as is.

On March 5, 1990, the district court issued an order denying Richardson's motion for confirmation of the award and conversion of the award into a judgment. However, on March 19, 1990, the court entered a revised order, remanding the matter back to the arbitrators for clarification and stating that if clarification is denied, the award shall be affirmed and judgment rendered in favor of Richardson. On May 3, 1990, Harris filed a motion for rehearing and a motion to modify the court's order. On May 14, 1990, the court granted Harris' motions and reinstated the order denying confirmation of the award.

On appeal, Richardson argues that the district court erred by: (1) refusing to confirm the arbitrator's award; (2) ruling that Harris' motion to correct or modify the award was timely filed; and (3) granting Harris' motion for rehearing and motion to modify the court's order. We conclude that the district court erred and that the arbitration award should be confirmed.

### 1. *Richardson's motion for confirmation of the award.*

NRS 38.135 provides that upon application, the court shall confirm an arbitration award, unless grounds are urged for vacating, modifying, or correcting the award, in which case the court shall proceed as provided in NRS 28.145 and NRS 38.155. Richardson's application for confirmation of the award was opposed by Harris' motion to modify or correct the award, pursuant to NRS 38.155. Therefore, had Harris' motion been timely, the district court would have been correct in refusing to confirm the award until it determined the merits of Harris' motion. However, as discussed below, we conclude that Harris' motion to correct or modify the award was not timely filed under NRS 38.145. Therefore, the district court erred in refusing to confirm the arbitration award upon Richardson's motion.

### 2. *Timeliness of Harris' motion to correct or modify the award.*

Harris asserts that the court should apply California law, because the arbitrators proceeded under California law and because California law provides a petitioner with more time to file with the district court. In the alternative, Harris argues that the Nevada statute of limitations should have been tolled while he awaited the AAA's response to his request for clarification of the award.

Harris provides no authority indicating that the arbitrators proceeded under California law. Moreover, both parties are residents of Las Vegas, Nevada, the contract was to be performed in Nevada, and it appears that the contract was signed in Nevada. Therefore, we conclude that Nevada law applies. NRS 38.155 provides that any motion to correct or modify an award must be filed within ninety days of receipt of notice of the award. Harris received notice of the arbitration award on September 5, 1989. He filed his motion on December 27, 1989. Therefore, Harris' motion was untimely.

### 3. *Harris' motion to modify the district court's order.*

The arbitration award simply provided a ruling, without making findings of fact and conclusions of law. However, because the award reflects no error on its face, we conclude that the district court erred in granting Harris' motion to modify the court's original order confirming the award.

NRS 38.105 provides that the arbitration award must be in writing and signed by the arbitrators joining in the award. Although the arbitrators may modify, clarify, or correct the award pursuant to NRS 38.115, there is no statute requiring them to do so, or requiring them to provide specified findings of fact or conclusions of law. Rather than moving to vacate the arbitration award pursuant to NRS 38.145, Harris moved to modify or correct the award. *See* NRS 38.155.

The scope of judicial review of an arbitration award is limited to the statutory provisions. New Shy Clown Casino, Inc. v. Baldwin, 103 Nev. 269, 737 P.2d 524 (1987). There is no statutory provision granting the district court authority to hold an evidentiary hearing or to modify the arbitration award where it has not made a ruling as to the validity of the award (NRS 38.145) or the form of the award (NRS 38.155). Therefore, we conclude that the district court exceeded its authority.

Harris claims that the award was clearly erroneous because it bears no relationship to the amounts requested by Richardson or the evidence presented during the arbitration hearing. NRS 38.155(1)(a) provides that a court shall modify or correct an award which contains evident miscalculation of figures. However, in order to set aside the arbitrator's award and have a

hearing on the issue, the court must receive evidence that the award was imperfect. *See* City of Boulder v. General Sales Drivers, 101 Nev. 117, 694 P.2d 498 (1985). Because the form of the award does not indicate any miscalculation, Harris did not meet the burden of proof necessary to justify clarification or modification of the award, and thus the court should have granted Richardson's motion for confirmation of the award.

We therefore reverse and remand for the entry of an order confirming the arbitrator's award.