**SCHOOL CITY OF EAST CHICAGO, INDIANA, a community school corporation, Appellant–Plaintiff,**

v.

**EAST CHICAGO FEDERATION OF TEACHERS, LOCAL NUMBER 511, A.F.T., Appellee–Defendant.**

No. 64A03–9207–CV–220.

Court of Appeals of Indiana, Third District.

Feb. 8, 1993.

Rehearing Denied April 6, 1993.

---

Richard J. Lesniak, Nathaniel Ruff, Lesniak and Ruff, East Chicago, for appellant-plaintiff.

James Balanoff, Balanoff & Balanoff, Munster, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff School City of East Chicago, Indiana (School City) appeals the trial court's entry of summary judgment in favor of appellee-defendant East Chicago Federation of Teachers (Union) in an action to vacate or, in the alternative, modify an arbitration award in favor of Union.

The facts relevant to the appeal disclose that Union is the exclusive bargaining agent for teachers in School City. On March 29, 1988, Union and School City entered into a collective bargaining agreement for calendar years 1988 and 1989. The parties agreed to a 6.5% salary increase for calendar year 1988 retroactive to January 1, 1988, and a 7.0% salary increase for calendar year 1989. The parties also agreed to work 5 additional days in the 1988–89 school year. Due to the fact that one school year covers portions of two calendar years, the parties had, since 1970, calculated annual salaries on a weekly basis.

On June 1, 1988, Union filed a grievance claiming that School City's method for determining salaries for the 1988 portion of the 1987–88 school year was not in accordance with the recommendations of the fact-finder. Pursuant to a provision in the collective bargaining agreement, Union submitted the grievance to arbitration. The arbitrator held a hearing on the matter on December 9, 1988, and issued his opinion and award in favor of Union on February 14, 1989. School City filed suit to vacate or modify the award on May 8, 1989, and Union filed an answer and counterclaim on May 25, 1989. On February 21, 1990, Union filed a motion for summary judgment which the trial court granted on April 7, 1992. This appeal ensued.

School City raises three issues for review; however, this Court finds the following issue dispositive: whether the arbitrator erred in calculating the weekly salary for calendar year 1988.

If the arbitrator acted within his authority, a court cannot set aside the decision, and summary judgment is appropriate. *Fort Wayne Educ. Ass'n v. School Trustees* (1991), Ind.App., 569 N.E.2d 672, 678. "The scope of judicial review of arbitration award is extremely narrow, since undue judicial intervention would inevitably judicialize the arbitration process, thus defeating objective of providing an alternative to judicial dispute resolution." *Id.* According to IND.CODE § 34-4-2-14(a) (1988 Ed.), a court cannot modify or correct an arbitration award unless:

> "(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy."

*Id.*

School City and Union agreed to a 6.5% salary increase for calendar year 1988 retroactive to January 1, 1988. For a first-year teacher with a bachelor's degree, the increase provided an annual salary of $19,438.00. Prior to 1988, teachers worked 38 weeks per year, 22 weeks in the first half and 16 weeks in the second half of the calendar year. However, beginning in 1988, teachers worked an additional 5 days per calendar year. As the arbitrator noted in his opinion, the dispute between the parties "is grounded in confusion over the number of weeks that constituted the

1987–88 Academic Year and the number of weeks actually worked in calendar year 1988."

In the example in his opinion, the arbitrator divided the annual salary of $19,438.00 by 38 for a weekly salary of $511.53. For the 1988 portion of the 1987–88 school year, the arbitrator multiplied $511.53 by 22 (the number of weeks worked in the first half of calendar year 1988) for a "first-half" salary of $11,253.66. The arbitrator then multiplied $511.53 by 17 (the number of weeks worked in the second half of calendar year 1988) for a "second-half" salary of $8,696.01. The sum of $11,253.66 and $8,696.01 is $19,949.67 which is $511.67 more than the agreed-to 1988 annual salary of $19,438.00. It is clear that the arbitrator erred in using 38 rather than 39 as the divisor for determining weekly salary since a weekly salary of $498.41 ($19,438.00 ÷ 39 = $498.41) provides an annual salary of $19,438.00 for calendar year 1988.

Due to the evident miscalculation of figures on the part of the arbitrator, this Court reverses summary judgment and remands to the trial court for correction of the award in accordance with this opinion.

Reversed and remanded.

GARRARD and BAKER, JJ., concur.