**SCHOOL CITY OF EAST CHICAGO, INDIANA, A Community School Corporation, Appellant (Plaintiff Below),**

v.

**EAST CHICAGO FEDERATION OF TEACHERS, LOCAL NUMBER 511, A.F.T., Appellee (Defendant Below).**

No. 64S03–9310–CV–1150.

Supreme Court of Indiana.

Oct. 22, 1993.

 

Richard J. Lesniak, Nathaniel Ruff, Lesniak and Ruff, East Chicago, for appellant.

James Balanoff, Balanoff & Balanoff, Munster, Barry Macey, Barbara J. Baird, Macey, Macey & Swanson, Indianapolis, for appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

This case asks us to determine the extent to which a reviewing court may modify or vacate an arbitrator's award under the "evident miscalculation of figures" provision of Indiana's Uniform Arbitration Act, Ind. Code § 34–4–2–14. We grant transfer to provide clarification.

The dispute before us arose from a 1988–89 collective bargaining agreement, reached after submission to a fact-finder, between East Chicago Federation of Teachers, Local No. 511 (Appellee–Defendant below) and School City of East Chicago, Indiana (Appellant–Plaintiff below). Under the final agreement, teachers were to receive a 6.5 percent salary increase for the 1988 calendar year and 7 percent for 1989, with the added stipulation that "[t]hese increases incorporate the additional compensation for the increased instructional year." Record at 23. "Increased instructional year" referred to a one-week extension of the 1988 academic calendar to a total of 39 weeks over the previous year's 38 weeks. Disagreeing with the school city's computation of teachers' weekly salaries pursuant to the agreement, the union filed a grievance against the school city and sought arbitration under the parties' contractual grievance procedure. After a hearing, the arbitration award sustained the union grievance "in its entirety." Record at 30.

Subsequently, the school city filed motions in Lake County, later transferred to the Porter Superior Court, seeking to vacate and modify the arbitrator's award. The union filed a motion for summary judgment which the trial court granted. Our Court of Appeals reversed the judgment of the trial court, citing "the evident miscalculation of figures on the part of the arbitrator." *School City of East Chicago, Ind. v.*

*East Chicago Fed'n of Teachers, Local No. 511* (1993), Ind.App., 607 N.E.2d 400, 402.

The union claims that the Court of Appeals erred by concluding that the 6.5 percent salary increase should apply to a 39–week rather than a 38–week portion of 1988, as determined by the arbitrator.[1] The union argues that this appellate reversal of the arbitrator's determination impermissibly intrudes into the arbitrator's role of determining the parties' contractual intent inasmuch as the Court of Appeals essentially substituted its own judgment for that of the arbitrator as to the substantive merits of the underlying grievance. Rather, the union alleges, the Court of Appeals should have presumed the correctness of the trial court judgment, and the school city should have been required to bear the burden of establishing statutory grounds for challenging the arbitrator's award. Finally, the union contends that the Court of Appeals decision not only violates public policy favoring alternative dispute resolution but is also inconsistent with other jurisdictions' interpretation of the "evident miscalculation" provision of the arbitration statute.

The school city counters that the present dispute may be reduced to a question of whether the salary schedule for 1988 contemplated 38 or 39 work weeks for the year. Because the 38–week computation generates a salary which exceeds the salary schedule contained in the bargaining agreement, the school city urges that the Court of Appeals properly reversed the arbitrator's award due to this "evident miscalculation."

■ We first recognize that Indiana's Uniform Arbitration Act, Ind.Code § 34–4–2–1 *et seq.*, "provides a mechanism for enforcing agreements to arbitrate and for securing judicial review and enforcement of awards made." *School City of East Chicago, Ind. v. East Chicago Fed'n of Teachers, Local No. 511* (1981), Ind.App., 422 N.E.2d 656, 658. Judicial review of an arbitration award is extremely narrow in scope. *Fort Wayne Educ. Ass'n, Inc. v. Board of Sch. Trustees of The Fort Wayne Community Sch.* (1991), Ind.App., 569 N.E.2d 672, 678. An award should only be set aside when one of the grounds specified by the Uniform Arbitration Act for vacation of an award is shown. *Indianapolis Pub. Transp. Corp. v. Amalgamated Transit Union, Local 1070* (1981), Ind. App., 414 N.E.2d 966, 969. A party who seeks to vacate an arbitration award under the Uniform Arbitration Act bears the burden of proving the grounds to set the award aside. *Id.* The role of an appellate court in reviewing an arbitration award is limited to determining whether the defendant has established any of the grounds for challenge permitted by the Uniform Arbitration Act. *State Dep't of Admin., Personnel Div. v. Sightes* (1981), Ind.App., 416 N.E.2d 445, 450.

In establishing the grounds upon which a reviewing court may modify or correct an arbitration award, Ind.Code § 34–4–2–14 states in relevant part:

(a) Upon application made within ninety [90] days after mailing of a copy of the award to the applicant, the court shall modify or correct the award where: (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy.

(b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

■ In the present case, the school city attempts to meet its burden of establishing

---

1. By dividing $19,438.00, the 1988 calendar year salary of a first-year teacher with a bachelor's degree, by 38, the weekly teacher salary amounts to $511.53, while division of the annual salary by 39 yields a weekly salary of $498.41, a difference in weekly wage of $13.12.

a statutory basis to justify appellate vacation or modification of the arbitration award by characterizing the arbitrator's selection of the 38–week rather than the 39–week salary divisor as an "evident miscalculation of figures" under Ind.Code § 34–4–2–14. We cannot agree.

In urging the application of the 39– rather than the 38–week divisor, the school city does not direct attention to any improper application of mathematical principles resulting in an evident miscalculation. Rather, the school city's position challenges the substantive merits of the matter brought before the arbitrator for his determination. As such, the school city quarrels not with the mere application of mathematical operations but with the arbitrator's determination as to the primary issue of the union's claim. There is no basis in the Record for characterizing the arbitrator's selection of the 38–week divisor as an evident miscalculation.

Additionally, the arbitrator's intent is made clear by his observation that "[t]his calculation [1988 base salary divided by 38 rather than 39 weeks] conforms to the union's basic position ... that the increase for 1988 of 6.5 percent recommended by Fact–Finder Land is preserved since the weekly rate of $511.53 represents a true 6.5 percent increase over the weekly rate of $480.28." Record at 29. Thus, not only is there no evident miscalculation of figures, but the arbitrator's award is consistent with its intent. The school city has failed to demonstrate the existence of any of the statutory grounds enumerated by the Uniform Arbitration Act as required for modification or vacation of the arbitration award.

Furthermore, Ind.Code § 34–4–2–21 indicates, in relevant part, that "[t]his chapter shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact similar arbitration statutes." Our ruling here is consistent with other jurisdictions who have interpreted provisions similar to "evident miscalculation" under equivalent arbitration statutes.

Colorado, for example, has held that modification of an arbitration award under Colo.Rev.Stat. § 13–22–215(1)(a) (a statutory provision mirroring the corresponding provision in Ind.Code § 34–4–2–14) is permissible "only if it seeks to effectuate the clearly expressed intent of the arbitrator by correcting a mathematical error without altering his conclusion on the merits." *Foust v. Aetna Casualty & Ins. Co.* (1989), Colo.App., 786 P.2d 450, 451–52. North Carolina has also limited the meaning of "evident miscalculation of figures" to "evident mathematical errors." *Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.* (1984), 312 N.C. 224, 236, 321 S.E.2d 872, 880. Nevada has held that before an arbitrator's award may be set aside under the "evident miscalculation of figures" provision, the court must receive evidence that the award was "imperfect." *Richardson v. Harris* (1991), 107 Nev. 763, 766–67, 818 P.2d 1209, 1211.

Our ruling today underscores this Court's conviction that "the interests of the parties can be preserved in settings other than the traditional judicial dispute resolution method." *Preamble, Rules for Alternative Dispute Resolution.* We endorse the notion that "[i]t is the purpose of arbitration to entertain consideration of disputed matters and to reach an acceptable decision and award, without having to undertake often ponderous and costly judicial proceedings." *Shahan v. Brinegar* (1979), 181 Ind.App. 39, 390 N.E.2d 1036, 1041.

The judgment of the trial court is affirmed.

SHEPARD, C.J. and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents in separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The Court of Appeals opinion reported at 607 N.E.2d 400 clearly and correctly sets out the mathematical calculation which shows an obvious error in the arbiter's figures. When such an obvious error is made, a reviewing court has a duty to make a correction under Ind.Code

§ 34–4–2–14(a)(1). The Court of Appeals opinion is absolutely correct in this case.

I would deny transfer.