114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Darrel D. SMITH, Debtor.
Darrel D. SMITH, Appellant,
v.
DOUMANI FAMILY; Mitzi S. Briggs; Briggs Investment
Company, Appellees.
 No. 96-15999.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1997.
Decided May 21, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and ZAPATA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I. Background
 
 3
 Appellant appeals an order of sanctions against him and his attorneys entered by the United States Bankruptcy Court for the District of Nevada on January 30, 1995. On July 16, 1992, the bankruptcy court enforced the parties' Settlement Agreement with an Addendum. Appellant opposed the inclusion of the Addendum and appealed the order to the federal district court which remanded the case for an evidentiary hearing. The bankruptcy court conducted an evidentiary hearing on May 26 and July 14, 1994 and reinstated its order, adopting the following relevant findings of fact:
 
 
 4
 32. The argument and interpretations presented by Smith and his counsel on appeal and at the hearings before this Court on August 19, 1992, May 26, 1994, and July 14, 1994, are directly contrary to and irreconcilable with earlier positions taken and representations made by Smith and his counsel before the Court.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 35. Given the express representations that were made by Smith to the Court through his counsel prior to entry of the Order Enforcing Settlement Agreement, the revised arguments that Smith and his counsel have subsequently made and raised are lacking any plausible legal or factual basis, are undoubtedly unmeritorious, do not abide by common sense, have been brought in bad faith, and have resulted in unreasonable, unnecessary and vexatious increases in litigation and other costs to the parties, together with a multiplicity of proceedings.
 
 
 8
 (Findings of Fact, September 7, 1994, pp. 11-13).
 
 
 9
 The bankruptcy court entered an order on January 30, 1995, sanctioning Smith and his counsel $50,377.64 for the costs and attorneys' fees incurred from the date the case was first remanded. One third of the amount was assessed against Smith's attorneys. The court found authority to award fees against Smith on the basis of Paragraph 15 of the Settlement Agreement,[1] Bankruptcy Rule 9011, and the court's inherent powers. Smith appealed the order to the district court on February 3, 1995. On March 8, 1996, the district court remanded the case for a recalculation of the fees assessed against Smith's counsel, John Peter Lee and Nancy Allf, reversed the order as against Paul Ray, but affirmed the assessment against Smith. This appeal followed on April 24, 1996.
 
 
 10
 The position originally taken by Smith's counsel, Allf, is captured in this exchange during the May 5, 1992 hearing on the motion to enforce settlement agreement:
 
 
 11
 THE COURT: Now, I'm not quite sure I yet understand. Do you take the position that the agreement somehow acknowledges that there is a community property interest--
 
 
 12
 MS. ALLF: What the agreement does--
 
 
 13
 THE COURT: --as opposed to simply saying, if it's determined that there is, this is how it's divided?
 
 
 14
 MS. ALLF: It doesn't say that if it's determined. What it does is, it's an agreement between Darrel and Mitzi to divide the proceeds of the litigation that Darrel's brought; and the litigation that's been brought by Darrel has been brought--
 
 
 15
 THE COURT: And do you see that as an admission by Doumani that there is a community property interest?
 
 
 16
 MS. ALLF: We don't, your Honor.
 
 
 17
 (Transcript of Hearing on Motion to Enforce Settlement Agreement, May 5, 1992, pp. 9-10).
 
 
 18
 MS. ALLF: Your Honor, I think when we broke off you--we were to the point you asked us if we could agree to the addendum.
 
 
 19
 THE COURT: The addendum with that one additional sentence.
 
 
 20
 MS. ALLF: And we've discussed it. As long as the addendum would include some language saying that nothing in paragraph 1 would alter the provisions of paragraph 7 with regard to the division of proceeds of the Doumani litigation--
 
 
 21
 THE COURT: Why would it do so--
 
 
 22
 MS. ALLF: Well, I think we need to clarify that nothing in there would alter the fifty-fifty split in the even Mr. Smith recovers for the community.
 
 
 23
 (Id. at pp. 39-40).
 
 
 24
 The bankruptcy court found Smith's later position to be contrary to what Allf had stated. The change is seen in this statement by Smith's attorney, Lee:
 
 
 25
 Simply stated, it is our position that the state court action regarding whether or not Mr. Smith does in fact have a community interest is mooted out by the settlement agreement. We are willing to take our chances that Smith's rights to proceed against Doumani rests almost entirely--and if not completely--upon that settlement agreement so that the state court proceeding is really not necessary. It is not necessary to make a determination as to whether or not he has a community interest, because that interest is reserved to him by the settlement agreement.
 
 
 26
 (Motion for Re-Imposition of the Automatic Stay, August 19, 1992, p. 4).
 
 
 27
 Smith argues, first, that the bankruptcy court erred in awarding attorneys' fees based on Paragraph 15 of the Settlement Agreement because he was the prevailing party, or at least a partially prevailing party. Second, Smith argues that the court abused its discretion when it sanctioned him under Bankruptcy Rule 9011 or the court's inherent powers.
 
 II. Standard of Review
 
 28
 We review de novo principles of contract interpretation as applied to the facts. Aetna Cas. and Surety Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991); United States v. Plummer, 941 F.2d 799, 802 (9th Cir.1991). We apply an objective test to determine if Rule 11, Fed.R.Civ.P. or its counterpart, Bankruptcy Rule 9011, has been violated; a violation of the rule does not require subjective bad faith. Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir.1993); In re Rainbow Magazine, Inc., 136 B.R. 545, 550-51 (B.A.P. 9th Cir.1992). A court's application of these rules is reviewed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359 (1990).
 
 III. Discussion
 
 29
 The Bankruptcy Court did not err in assessing attorneys' fees against Smith based on the Settlement Agreement as a matter of contract. We reject Smith's argument that he is a "partially" prevailing party based on New Shy Clown Casino, Inc. v. Baldwin, 737 P.2d 524 (1978). In New Shy Clown, the Supreme Court of Nevada held that the lower court lacked jurisdiction to modify an arbitrator's decision to award attorneys' fees to neither party. The opinion's discussion of "partially" prevailing parties is mere dicta wherein the court did not state a rule, but affirmed an arbitrator's use of discretion. New Shy Clown, 737 P.2d at 525. A more common interpretation of "prevailing party" is applied in other Nevada case law. See Women's Fed. Sav. and Loan Assoc. of Cleveland v. Nevada Nat'l Bank, 623 F.Supp. 469, 470 (D.Nev.1985) (prevailing party is one that succeeds in proving "the most significant issue" in the litigation). In this case, Smith did not prevail on the most significant issue, which was whether the Settlement Agreement should be enforced with the Addendum. Based upon Nevada principles of contract law and construction, Smith was not the prevailing party and Appellees were entitled to attorneys' fees under Paragraph 15 of the Settlement Agreement.
 
 
 30
 Similarly, we find that the bankruptcy court did not abuse its discretion in awarding attorney's fees under Bankruptcy Rule 9011 or its inherent powers. Rule 11 and Bankruptcy Rule 9011 empower federal courts to impose sanctions where a signed paper submitted to the court is either frivolous or filed for an improper purpose. Townsend v. Hellman Consulting Corp., 914 F.2d 1136, 1140 (9th Cir.1990) (en banc ). We accord great deference to the factual determinations of the bankruptcy court. Yagman, 987 F.2d at 628. The court has broad fact finding powers when imposing sanctions under Rule 11. United States v. Skyline Terrace, 26 F.3d 923, 927 (9th Cir.1994) (citing Townsend, 929 F.2d at 1366). The court also had inherent authority to sanction Smith's bad faith. Chambers v. Nasco, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991). We find the record here supports the court's findings of bad faith. Accordingly, we affirm the court's order of sanctions under Rule 9011.
 
 
 31
 Finally, we reject Smith's arguments that the court should not have sanctioned him along with his attorneys. Mr. Smith, himself an attorney admitted to practice law in six states, admits that he was actively involved in the litigation. In circumstances such as this, Bankruptcy Rule 9011 clearly permits Smith to be sanctioned along with his attorney. In re Rainbow, 136 BR. 545, 554 (B.A.P. 9th Cir.1991). Accordingly, we affirm the bankruptcy court's application of sanctions under Bankruptcy Rule 9011.
 
 V. Conclusion
 
 32
 We hold Appellees are prevailing parties on the dispute as a matter of contract and are entitled to attorneys' fees under Paragraph 15 of the Settlement Agreement. Furthermore, the bankruptcy court's findings of fact are supported by the evidence and are not clearly erroneous. Accordingly, the award of attorneys' fees is AFFIRMED.
 
 
 33
 Appellees' request for reasonable attorneys' fees on appeal to the Circuit Court of Appeals is GRANTED. Appellees' request for fees for the appeal to the district court is DENIED. The matter of fees is referred to the Appellate Commissioner, Peter Shaw, for findings and resolutions pursuant to 9th Cir.R. 39-1.9.
 
 
 
 *
 The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Paragraph 15 reads: "If any legal action or arbitration arising out of or relating to this agreement, or a breach of it, is initiated, then the prevailing party or parties shall be entitled to receive from the other party or parties the reasonable attorney's fees, costs and expenses incurred in the action or arbitration by the prevailing party."