ATTORNEYS FOR APPELLANT
William Bock, III
David E. Wright
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
Brent D. Taylor
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0512-CV-637

NATARE CORPORATION,

*Appellant (Plaintiff below)*,

v.

D.S.I., DURAPLASTEC SYSTEMS, INC.,
D/B/A D.S.I., STEWART J. "JASON"
MART, AND AQUATIC RENOVATION
SYSTEMS, INC.,

*Appellees (Defendants below)*.

Appeal from the Marion Superior Court, No. 49D02-9704-CP-459
The Honorable Kenneth H. Johnson, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0408-CV-430

**October 31, 2006**

**Sullivan, Justice.**

Natare Corporation filed this lawsuit, contending that an arbitrator had wrongly denied it attorney fees to which it was entitled. Indiana law specifies limited bases upon which an arbitrator's award may be challenged in a trial court. We agree with the trial court that neither of the bases advanced by Natare is available to it here: the arbitrator did not exceed his authority in de-

nying Natare attorney fees, nor did he make his decision to deny Natare attorney fees before the attorney fee issue was presented to him.

## Background

Appellant Natare Corporation and Appellees D.S.I., Duraplastec Systems, Inc., d/b/a D.S.I., Stewart J. "Jason" Mart, and Aquatic Renovation Systems, Inc. (collectively, "D.S.I.") compete against each other in business. They settled two pending lawsuits against each other in 1998 by agreeing not to disseminate disparaging information about each other. They also agreed to submit to arbitration in the event of a future dispute "arising out of or relating to" the agreement. Lastly, they agreed that if one party breached the settlement agreement, the non-breaching party would be entitled to a minimum of $5,000 in liquidated damages, actual damages if shown, and reasonable attorney fees, costs, and other expenses incurred in pursuit of the claim.

In 2002, Natare sought but failed to receive a contract from a potential customer in Colorado. Natare complained that it had lost the contract because of disparagement on D.S.I.'s part, and that it had suffered $45,000 in actual damages. The parties entered into arbitration based on their settlement agreement.

After a hearing, arbitrator Jerry Pitt found that although D.S.I. had breached its agreement with Natare by disparaging Natare while Natare was seeking the Colorado contract, Natare had failed to show actual damages. The arbitrator awarded Natare $5,000 in liquidated damages for the breach, but no actual damages. The arbitrator further found that neither party was entitled to attorney fees or costs in the matter.

Natare sought judicial review of the arbitrator's decision, specifically challenging the arbitrator's failure to grant Natare attorney fees. The trial court upheld the arbitration award, finding that the arbitrator had not exceeded his power and that Indiana law did not justify modification or correction of the award. The Court of Appeals reversed the trial court's decision, holding the arbitrator had indeed exceeded his authority, and remanded the case to the arbitrator for consideration of reasonable attorney fees. Natare Corp. v. D.S.I., Duraplastec Sys., Inc., 833 N.E.2d

76, 80-84 (Ind. Ct. App. 2005).  D.S.I. sought, and we granted, transfer.  Natare Corp. v. D.S.I., Duraplastec Sys., Inc., 841 N.E.2d 192 (Ind. 2005) (table).

## Discussion

Arbitration is a long-established method of dispute resolution in Indiana.  PSI Energy, Inc. v. AMAX, Inc., 644 N.E.2d 96, 98 (Ind. 1994).  We have consistently supported an Indiana policy that favors both arbitration as a means of dispute resolution and the enforcement of arbitration agreements.  MPACT Constr. Group, LLC v. Superior Concrete Constructors, Inc., 802 N.E.2d 901, 905 (Ind. 2004); PSI Energy, Inc., 644 N.E.2d at 98-99.  But it is statute and not common law that provides the legal infrastructure for arbitration in Indiana.  The Legislature's prescription in this regard is contained in the Uniform Arbitration Act ("the Act"), Indiana Code sections 34-57-2-1 to -22 (2005).[1]  We have held that an arbitration award should not be set aside unless grounds specified in the Act have been shown, and appellate review of an arbitration award is limited to the determination of such a showing.  Sch. City of E. Chi., Ind. v. E. Chi. Fed'n of Teachers, Local No. 511, A.F.T., 622 N.E.2d 166, 168 (Ind. 1993).

The statutory grounds on which Natare seeks attorney fees are sections 34-57-2-13(a) and 34-57-2-14(a) of the Act.  They provide:

> Upon application of a party, the court shall vacate an award where:
>> (1)      the award was procured by corruption or fraud;
>> (2)      there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>> (3)      the arbitrators exceeded their powers and the award can not be corrected without affecting the merits of the decision upon the controversy submitted;
>> (4)      the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence

---

[1] As its name suggests, the Indiana Uniform Arbitration Act is based on a national model developed by the National Conference of Commissioners on Uniform State Laws, an organization consisting of judges, law professors, and other legal experts from throughout the country, including Indiana.  Many states have adopted the Uniform Arbitration Act.  Prefatory Note to Uniform Arbitration Act, 7 U.L.A. 2 (2000).  Among the advantages of uniformity is that the decisions of the courts in other adopting states are available to help us decide questions that arise under our Act.  See I.C. § 34-57-2-21.

material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 [I.C. § 34-57-2-6] of this chapter, as to prejudice substantially the rights of a party; or

(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section 3 [I.C. § 34-57-2-3] of this chapter (or IC 34-4-2-3 before its repeal), and the party did not participate in the arbitration hearing without raising the objection;

but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

I.C. § 34-57-2-13(a).

Upon application made within ninety (90) days after mailing of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is imperfect in a matter of form, not affecting the merits of the controversy.

I.C. § 34-57-2-14(a).

We set forth these statutes in full primarily to emphasize the extremely limited scope that the Legislature has given courts in reviewing arbitration awards. Natare's argument under the first of these subsections is that "the arbitrator exceeded his authority by refusing to apply the attorney fees and costs provision of the [settlement agreement] and the portion of the award addressing attorneys fees and costs should be vacated pursuant to [Indiana Code section] 34-57-2-13(a)(3)." Appellant's Br. at 16. Its argument under the second of these subsections is that "[b]ecause the attorneys fees issues had not yet been submitted to him, . . . the arbitrator's award may also be corrected pursuant to [Indiana Code section] 34-57-2-14(a)(2)." Appellant's Br. at 15 n.4.

As to whether the arbitrator exceeded his authority such that Natare is entitled to relief under section 13(a)(3), the arbitrator clearly had the authority not to award attorney fees under

4

the terms of the settlement agreement if the arbitrator concluded that the amount of "reasonable attorney fees" to which Natare was entitled was zero. As such, Natare's real argument here is that the arbitrator ignored or overlooked his responsibility under the settlement agreement to make a determination of what amount of attorney fees, if any, was reasonable in these circumstances.

In the trial court, Judge Kenneth H. Johnson analyzed this argument and concluded as follows:

> The court finds that the Arbitrator did not exceed his power in making this award. Natare argues that the contract language mandates an award of attorney fees, the arbitrator having found that a contractual breach occurred such that the liquidated damages provision was applicable. Natare hypothesizes that the arbitrator either did not consider the contract language or when making his award, a result of this, the second round of arbitration between these parties, forgot to take the language into consideration.
>
> As the parties readily recognize, the disputes between these parties have been ongoing and drawn out over many years. As a matter of fact, as noted above, the arbitration award that forms the basis of the instant motion, is the result of a second arbitration between these parties and before the same arbitrator. The argument that after such protracted proceedings resulting in two detailed reasoned awards such as these, that this arbitrator did not take into account what Natare has characterized as mandatory contract language, is simply not persuasive. Natare is not entitled to a correction o[r] modification of the arbitration award pursuant to [Indiana Code section] 34-57-2-13.

App. at 26-27.

We see little in Judge Johnson's analysis that we can improve upon. The facts and circumstances of this arbitration clearly point to the arbitrator having exercised his responsibility to consider whether the award of any attorney fees was reasonable here. Without indulging in speculation as to any particular reason or reasons, it is enough to say that there are a number of plausible explanations for why the arbitrator could conclude that the reasonable amount of attorney fees in this circumstance was zero.

As to whether the arbitrator "awarded upon a matter not submitted" to him such that Natare is entitled to relief under section 14(a)(2), we note that this argument is advanced on appeal in a single-sentence footnote without supporting argument or authority in apparent contravention of Indiana Appellate Rule 46(A)(8)(a).  Appellant's Br. at 15 n.4.  Nevertheless, Judge Johnson specifically addressed this contention and again we find his analysis dispositive:

> In fact, although finding that Natare was entitled to an award of $5000 under the liquidated damages clause of the Settlement Agreement (Paragraph 2 of the Award dated January 14, 2004) the arbitrator also found th[at] Natare's claim for actual damages was denied (Paragraph 1 of the Award).  He further found that neither party was entitled to recover attorney fees (Paragraph 3), that the parties would bear their own costs with respect to this matter (Paragraph 4) and . . .  all other claims that were not specifically addressed were denied (Paragraph 5.).
>
> It is clear that the issue of attorney fees was submitted to the arbitrator and that he clearly understood that it had been as he made a specific finding to that effect.  It is also clear that Mr. Pitt, in light of his other determinations as set forth above, determined that neither party, as a matter of law, [was] entitled to an award of attorney fees and that no further proceedings were necessary to complete this arbitration.  Natare is not entitled to a correction or modification of the arbitration award pursuant to [Indiana Code section] 34-57-2-14(a)(2).

App. at 27-28.

## Conclusion

Having previously granted transfer, we now affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

6