## WALDROP *v.* RODERY

1. JUDGMENT—INTEREST AND COURT COSTS—PURPOSE.

    Interest and court costs are added to a judgment to recompense the prevailing party for the delay in payment of money damages determined and to put back in his pocket some of the expense he incurs in instituting and prosecuting an action (MCLA § 600.6013; GCR 1963, 526.1).

2. ARBITRATION AND AWARD—JUDGMENT ON AWARD—INTEREST AND COURT COSTS.

    A party to an arbitration award is entitled to have interest and court costs added to a judgment entered in his favor on the award unless he waived interest and court costs or agreed to submit to arbitration the question of whether they were to be recovered (MCLA § 600.6013; GCR 1963, 526.1).

3. ARBITRATION AND AWARD—ARBITRATION AGREEMENT—WAIVER OF INTEREST AND COURT COSTS.

    An arbitration agreement that stipulated that the parties would abide by the award, that the award would be between $6,500 and $10,000, and that judgment could be entered on the award did not mean that the plaintiff waived the right to be awarded interest or court costs, because a waiver of the right to recover these items would have been clearly expressed.

4. ARBITRATION AND AWARD—JUDGMENT ON AWARD—INTEREST AND COURT COSTS.

    Interest and costs were properly allowed on a judgment entered on an arbitration award where the arbitrator awarded the plaintiff more than the minimum amount in the range of figures within which the parties agreed he was to make his decision and the arbitration agreement was silent as to

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Costs § 1.
45 Am Jur 2d, Interest and Usury § 11.
[2–4] 5 Am Jur 2d, Arbitration and Award § 139.

whether court costs or interest were waived and did not specify that they were matters subject to arbitration, and neither party had asked the arbitrator to consider interest or costs or whether interest and costs were recoverable or to be included in the award.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 January 14, 1971, at Detroit. (Docket No. 9919.) Decided May 21, 1971.

Complaint by Della Waldrop against Vincent Marshall Rodery for damages caused by injuries from an automobile collision. The parties agreed to submit to arbitration. Arbitration award for plaintiff. The judgment entered on the award added interest and court costs. Defendant appealed. Affirmed.

*Charfoos & Charfoos* (by *Paul A. Gruber*), for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Daniel K. Converse*), for defendant.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

Levin, J. The plaintiff, Della Waldrop, obtained an aribtration award against the defendant, Vincent Marshall Rodery. The defendant contends that the circuit judge erred in adding interest and taxable costs to the judgment entered on the award. We affirm.

The plaintiff commenced this action (Wayne County Circuit Court Case No. 107769) against the defendant claiming that she was injured through the negligence of the defendant when the automobiles they were driving collided.

After depositions had been taken, the plaintiff and the defendant's liability insurer, Detroit Automobile Inter-Insurance Exchange, entered into a written agreement submitting the dispute set forth in plaintiff's complaint to arbitration under the Accident Claims Tribunal Rules of the American Arbitration Association. It was agreed that the award would be not less than $6,500 nor more than $10,000 (the limit of the insurance coverage). It was further agreed that the parties would "abide by and perform any award rendered hereunder and that a judgment may be entered upon the award, or Wayne County Circuit Court case No. 107769 may be dismissed, upon payment of an award".[1]

Subsequently, the arbitrator signed an award requiring the insurer to pay the plaintiff the sum of $8,027.56 and reimburse her for the $50 administrative fee paid by her to the American Arbitration Association. He added, "This award is in full settlement of all claims submitted to this arbitration".[2]

A judgment was entered by the circuit court on the award against the defendant[3] in favor of the

---

[1] We appreciate that if the award had been paid before a judgment had been entered on it the issue now before us *might* thereby have been rendered moot. But the award was not paid with such expedition and a judgment was entered.

[2] The inclusion by the arbitrator in the award of a provision requiring the defendant to reimburse the plaintiff for the $50 paid by the plaintiff to the American Arbitration Association as an arbitration fee does not establish that the arbitrator considered and decided not to award interest and court costs. It would be just as reasonable to conclude that he understood the scope of the submission to include the awarding of the arbitration fee, and that he failed to make a separate award of interest or to award court costs because he did not think it was within his authority to do so.

[3] The judgment against the defendant, approved as to form by his attorney, recites that the matter had been submitted to arbitration "pursuant to the agreement of the parties" and that the arbitrator's decision was "against defendant, Vincent Marshall Rodery". We mention this because the submission to arbitration was signed only by the plaintiff and the defendant's insurer and the award likewise mentions only the plaintiff and the insurer. No issue in this regard is raised by the defendant.

plaintiff for $8,027.56 plus interest from the date of the filing of the complaint and taxed costs. The costs were a $20 filing fee, $3.50 paid the sheriff for serving process, a $5 judgment fee, and a statutory attorney fee of $50.

RJA § 6013 provides that "interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per annum".[4]  GCR 1963, 526.1 provides that "costs shall be allowed as of course to the prevailing party".[5]

Interest and court costs are added to a judgment to recompense the prevailing party for the delay in payment of the money damages determined and to put back in his pocket some of the expense he incurs in instituting and prosecuting an action.

Under the statute and the court rule, the plaintiff, Della Waldrop, was entitled to have interest and, if she was the prevailing party, court costs added to the judgment in her favor unless she waived interest and court costs or she agreed to submit to arbitration the question of whether they were to be recovered.

The submission to arbitration was not, contrary to one of defendant's contentions, a settlement. The parties merely agreed to let a tribunal other than the circuit court decide the amount of damages in the range between $6,500 and $10,000.

The award was for more than the minimum amount, $6,500; clearly the plaintiff was the prevailing party.[6]

---

[4] MCLA § 600.6013 (Stat Ann 1971 Cum Supp § 27A.6013).
[5] The complete text of Rule 526.1 is as follows:
"In any action or proceeding, costs shall be allowed as of course to the prevailing party, except when express provision therefor is made either in a statute or in these Rules, or unless the court otherwise directs, for reasons stated in writing and filed in the cause".
[6] Rule 526.1 is based on FR Civ P, 54(d). The Federal courts

The arbitration agreement is silent as to whether the parties agreed that (i) the plaintiff would waive interest and court costs or (ii) the arbitrator would decide whether interest and court costs would be included and the amount that would be included on that account, or (iii) interest and court costs would be added by the court in the judgment entered on the award.

We find nothing in the arbitration agreement or elsewhere in the record that would justify a finding that the plaintiff agreed to waive interest and court costs. We are convinced that if the parties had reached such an understanding it would have been clearly expressed in the arbitration agreement.

In the light of the silence of the arbitration agreement on the issue at hand and there being no claim that at the arbitration hearing the parties asked the arbitrator to include in the award, or to consider whether there should be included, interest or court costs, we have no basis for concluding that the arbitrator considered the question now before us or that the $8,027.56 award includes interest or court costs.

Having thus decided that the parties did not agree (i) that plaintiff would waive interest and court costs, or (ii) that it was for the arbitrator to decide whether interest and court costs would be included (and, if so, the amount to be included), we conclude that the plaintiff was entitled under the statute and the court rule to have interest and court costs added

have held that "although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party". 6 Moore's Federal Practice, ¶ 54.70[4], pp 1305, 1306; *Lewis* v. *Pennington* (CA6, 1968), 400 F2d 806, 820; *Hines* v. *Perez* (CA9, 1957), 242 F2d 459.

We intimate no opinion on whether the plaintiff would have been entitled to court costs if she had been awarded only $6,500.

when the judgment on the award was entered and that the trial judge properly included those items in the judgment.

Affirmed. Costs to plaintiff.

All concurred.