715 P.2d 308

**CREATIVE BUILDERS, INC., an Arizona corporation, Plaintiff-Appellee,**

v.

**AVENUE DEVELOPMENTS, INC., an Arizona corporation; Avenue Developments, a partnership; North American Development Corporation, an Arizona corporation, Defendants-Appellants.**

**No. 1 CA–CIV 7537.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 23, 1986.

Hill & Midgley by James W. Hill, Phoenix, for defendants-appellants.

Meyer, Vucichevich & Cimala, P.C. by George R. Ferrin, Ronald H. Cimala, Phoenix, for plaintiff-appellee.

## OPINION

HAIRE, Judge.

The primary issue in this appeal is whether the trial court erred in modifying an arbitration award by including pre-award interest in the judgment confirming the award.

Avenue Developments, Inc. (Avenue) entered into a construction contract with Creative Builders, Inc. (Creative) to build a mini-storage and office facility for Avenue. A dispute arose prior to completion of the building and Avenue ordered Creative off the job and refused to pay the balance of the contract. Creative filed a lien against the property as did various materialmen and subcontractors who had not been paid.

Creative filed suit against Avenue on November 27, 1979 for monies due and foreclosure of its lien. Avenue filed a motion to dismiss or in the alternative to compel arbitration according to the arbitration clause contained in the contract. The trial court granted the motion to compel arbitration and arbitration proceedings were commenced in September of 1981. Other actions which had been filed by various materialmen or subcontractors against Avenue relating to the building project were not stayed during the pendency of the arbitration proceedings. As a result, various judgments were entered and liens were foreclosed against Avenue prior to the issuance of the arbitrators' award concerning the claims asserted by Creative against Avenue.

On March 23, 1982 the arbitrators issued an award which provided in part:

"1. Respondent [Avenue] shall pay to claimant [Creative] the sum of Forty-four thousand three hundred and ninety-eight dollars and 95 cents. ($44,398.95).

"2. Claimant shall pay the AZCO, Dean Steel, R & K and any other liens out-

standing and shall deliver to Respondent a full and complete release of said liens and a dismissal of all lawsuits relating to the property.

"3. The administrative fees and expenses of the American Arbitration Association shall be borne by the parties equally. Said fees and expenses shall be paid as directed by the Association.

"4. The fees for the remuneration of the arbitrators shall be borne by the parties equally.

"5. Each party shall bear its own attorney's fees and costs.

"THIS AWARD IS IN FULL SETTLEMENT OF ALL CLAIMS SUBMITTED TO THIS ARBITRATION."

Based upon questions raised by the parties, the trial court twice remanded this matter to the arbitrators for clarification of the award.[1] On November 2, 1982 the arbitrators handed down a supplement to the award which said in part:

"Respondents, Avenue Developments, Inc., aka North American Development Corp., et al, shall receive credit for the Dean Steel lien which has been paid by them."

The trial court again referred this matter back to the arbitrators on March 21, 1983 for a clarification of whether Avenue was entitled to a credit for a Deansteel lien which had already been paid or whether credit should also be allowed for an additional Deansteel judgment which had previously been paid by Avenue.[2] The arbitration panel then issued an additional supplement to the award which provided in part:

"It was the intention of the Arbitrators in the original Award of March 23, 1982 and the Amended Award of November 2, 1982, that the Respondent, Avenue Development, shall receive credit for the Deansteel lien and the Deansteel judgment paid by them."

Both Avenue and Creative then filed motions for confirmation of the award. *See* A.R.S. § 12–1514. Although the parties differed as to the appropriate language to be included in the judgment confirming the award, neither party suggested in its motion or included in its proposed form of judgment any provision for the awarding of any interest, pre-award or otherwise, on the amount awarded by the arbitrators.

On June 21, 1983, the court issued a minute entry order providing:

"IT IS ORDERED that Defendant, Avenue deposit the sum of $3,059.50 into an interest bearing account at a bank to be disclosed to all other parties and to the court.

"FURTHER ORDERED that Creative's lien is hereby released. The eventual judgment in this case *should reflect 10% interest dating from the date of the lien, which appears to be August 21, 1979.* Mr. Hill [counsel for Avenue] is requested to prepare a formal judgment for lodging consistent with the foregoing." (Emphasis added).

The sum of $3,059.50 represented the balance of the $44,398.95 award after credit to Avenue for the payment of liens and a judgment for which Creative was responsible pursuant to the clarified award.

Avenue then prepared a judgment in compliance with the court's directive. Creative objected to the proposed form of judgment arguing that it was entitled to interest on the full amount of $44,398.95 from August 21, 1979. Avenue objected to Creative's request for additional interest and also expressed disagreement with the awarding of any interest. The court then entered a new order authorizing interest at 10% on the award of $44,398.95 from August 1979, and gave Avenue credit against that amount for payments it had made prior to confirmation of the award. A formal judgment was thereafter entered and Avenue filed a timely appeal.

---

1. Neither party has questioned on appeal the propriety of the action of the trial court in remanding the award to the arbitrators for clarification.

2. The court has not been advised whether the correct name of the lienholder is "Dean Steel" or "Deansteel".

Avenue contends that the trial court's judgment constituted an impermissible modification of the arbitration award. Avenue argues that the court could not change the amount awarded by the arbitrators and therefore the court erred in increasing that amount by awarding prejudgment interest. Alternatively, it contends that if the court could modify the award, the court erred as to the date from which the interest should run.

■ Before addressing the merits of these issues, we first address Creative's contention that Avenue did not preserve these issues for appeal. Creative argues that Avenue should have objected to the form of the judgment. It asserts that Avenue approved the judgment and did not file a formal objection to the award of interest either before or after the judgment was approved. Thus, Creative contends that Avenue has waived the issue. This contention is without merit.

The record discloses that in response to Creative's objection to the form of the judgment which had been lodged by Avenue, Avenue strongly expressed its contention that the trial court was without authority to award prejudgment interest. Although it indicated its willingness to pay interest on the amount of $3,059.50 because the amount was minimal, it did so with the express reservation that its acquiescence was not to be considered as an agreement that the award of prejudgment interest was proper. Further, it strenuously objected to the inclusion of interest on the $44,398.95 in the judgment. Given this record, we find that Avenue has preserved the issue of whether the trial court's award of prejudgment interest constituted an impermissible modification of the award. We now consider the merits of Avenue's contention.

As previously noted, after the filing of Creative's complaint Avenue moved to dismiss the complaint, or alternatively for an order compelling arbitration. In ruling on Avenue's motion the trial court ruled as follows:

"This matter having been under advisement,

\*    \*    \*    \*    \*    \*

ORDERED granting the motion of defendant Avenue Developments to compel arbitration of the disputes arising between plaintiff and Avenue Developments, a joint venture."

This ruling was based upon an arbitration provision in the parties' contract as follows:

"7.9.1 *All claims, disputes and other matters* in question between the Contractor and the Owner *arising out of, or relating to, the Contract Documents or the breach thereof,* except as provided in Subparagraph 2.2.11 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by making or acceptance of final payments as provided by Subparagraphs 9.9.4 and 9.9.5, *shall be decided by arbitration* in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association...." (Emphasis added).

The nature of the "claims" or "disputes" between the parties arising out of their contract and submitted to arbitration is evidenced by Creative's complaint which seeks to recover from Avenue an amount which was alleged to be due from Avenue to Creative in a specified sum "together with interest thereon at the highest rate allowed by law from September 1, 1979 [the approximate date of the filing of Creative's lien], until paid." As to Avenue's liability for interest, the contract provided: "Payments due and unpaid under the Contract Documents shall bear interest from the date payment is due at the rate entered below, or in the absence thereof, at the legal rate prevailing at the place of the Project." The blank for the insertion of a particular rate of interest was not filled in.

From the foregoing it is apparent that a part of the claim asserted by Creative for an amount due from Avenue included a claim for accrued interest. The fact that Creative may not have presented evidence or argument before the arbitrators relating

to that portion of their claim which was for interest that was allegedly due and owing as a part of its claim against Avenue is immaterial under the submission in this case. The arbitration agreement provided for the submission to the arbitrators of "all" claims and disputes between the parties arising out of their contract, and there was no limiting language in the court's order granting Avenue's motion to compel arbitration.

We have not found any Arizona decisions dealing with the question of whether the trial court may grant pre-award interest of an arbitration award where the arbitrators have failed to do so. It is difficult to assess the applicability of authority from other jurisdictions considering this issue because many of the decisions are influenced both by statutory provisions not found in Arizona as well as by differences in the scope of review exercised by a trial court in the processing of an application for confirmation of an arbitration award. As this court has previously stated in *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz.App. 178, 525 P.2d 309 (1974), in Arizona severe limitations are placed upon judicial review of an arbitration award. Except for certain well-defined circumstances set forth in our arbitration statutes, the trial court has no authority to modify an arbitration award when request is made for confirmation of that award, even though the trial court is convinced that the arbitrators have erred in their resolution of factual or legal issues. With the above in mind, in our review of decisions from other jurisdictions, the decisions tend to hold that a trial judge may not modify an award so as to grant pre-award interest. In *R.E. Bean Construction Co. v. Middlebury Associates*, 139 Vt. 200, 428 A.2d 306 (1980), the arbitration agreement contained language similar to that presented in this case. The agreement provided for submission of "all the claims of the parties" to arbitration. The case involved claims by subcontractors and materialmen under a construction contract. In reversing the trial court's modification of the arbitrators' award so as to include pre-award interest, the Vermont Supreme Court held that it must be presumed that the arbitrators included in the award such pre-award interest as they deemed appropriate, and that the trial court should not have included such interest in its judgment confirming the award. Similarly, in *Kermacy v. First Unitarian Church of Austin*, 361 S.W.2d 734 (Tex.Civ.App.1962), the court held that any claim which the appellant might have had for pre-award interest was merged in the arbitrators' award, stating: "The arbitrators were charged with determining the 'amount due to Kermacy on his claim for services' performed under the contract. Interest would be a part of the amount due, and the claim for it was merged in the award." Although the Michigan Court of Appeals has reached a seemingly contrary result in *Waldrop v. Rodery*, 34 Mich.App. 1, 190 N.W.2d 691 (1971), holding that interest was allowed from the date of the filing of the plaintiff's complaint, we do not find its reasoning persuasive. Additionally, we note that Michigan has a statute which specifically provides that "interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of the filing of the complaint...." Mich.Comp.Laws § 600.6013 (1970).

Accordingly, we hold that the entire claim of Creative was submitted to arbitration, including its claim for pre-award interest. Any claim which Creative might have had for pre-award interest must be deemed to have merged in the arbitration award. In this connection, the award of the arbitrators contained the following language: "THIS AWARD IS IN FULL SETTLEMENT OF ALL CLAIMS SUBMITTED TO THIS ARBITRATION." Additionally, apparently recognizing that it was not entitled to pre-award interest on the amount set forth by the arbitrators, Creative did not request such interest nor provide for payment thereof in its proposed form of judgment submitted in its motion for confirmation of the award. In fact, neither party suggested that the inclusion of pre-award interest was appropriate. Rather,

the trial court *sua sponte* raised the issue by providing for such interest in its initial minute entry order ruling on the motions for confirmation.

It appears that the underlying basis for the trial court's award of interest is A.R.S. § 44–1201 which provides in pertinent part:

"A. Interest on any loan, *indebtedness*, judgment or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to."

In Arizona, an award of prejudgment interest is allowed as a matter of right on a liquidated claim. *See Costanzo v. Stewart Title and Trust of Phoenix*, 23 Ariz.App. 313, 317, 533 P.2d 73, 77 (App.1975); *Arizona Title Insurance and Trust Co. v. O'Malley Lumber Co.*, 14 Ariz.App. 486, 496, 484 P.2d 639, 649 (1971). The trial court explained its decision to award prejudgment interest in a minute entry order in which it concluded that this was a matter arising out of contract, the arbitrators implicitly found breach of contract and the amount became liquidated as of August 1979 when Creative made its initial demand for payment by filing a lien.

Even if we assume the correctness of the trial court's factual and legal analysis as to when the claim of Creative against Avenue became liquidated, we must hold that the trial court erred in modifying the award so as to include pre-award interest. We have previously held in this opinion that any claim which Creative might have had for pre-award interest was part of the submission to the arbitrators, and accordingly, was merged in the arbitration award. If the arbitrators committed factual or legal error in their resolution of issues within the scope of the submission, the trial court has

no authority to remedy that error by modifying the award except upon application made setting forth one of the grounds set forth in A.R.S. § 12–1513(A).[3] *Smitty's Super-Valu, supra.*

Citing A.R.S. § 12–1513(A)(3), Creative attempts to support the trial court's modification of the award on the basis that such modification did not affect the merits of the controversy and was merely a matter of form. We disagree. The conclusion that a liquidated claim existed and the addition of a substantial amount of pre-award interest goes to the merits of the claim itself. Likewise, there is no basis in the record for considering this change as a correction of an evident miscalculation. *Compare Ramonas v. Kerelis*, 102 Ill. App.2d 262, 243 N.Ed.2d 711 (1968); *Chillum-Adelphi Volunteer Fire Dept., Inc. v. Button & Goode, Inc.*, 242 Md. 509, 219 A.2d 801 (1966). *See also Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C.App. 407, 255 S.E.2d 414 (1979). We therefore hold that the trial court erred in modifying the award so as to include pre-award interest.

Our holding, however, does not preclude the trial court from awarding interest from the date of entry of the award itself. The question of when interest accrues on an arbitration award is a matter of first impression in Arizona. The general rule in other jurisdictions, in the absence of statutory provisions requiring a different result, is that interest accrues from the date the award is entered. *See R.E. Bean Construction Co. v. Middlebury Associates, supra; Kermacy v. First Unitarian Church of Austin, supra; Harsen v. Board of Education of Township of West*

---

**3.** A.R.S. § 12–1513(A) provides:

"A. Upon application made within ninety days after delivery of a copy of the award to the applicant, if judgment has not been entered thereon, the court shall modify or correct the award where:

"1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

"2. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

"3. The award is imperfect in a matter of form, not affecting the merits of the controversy."

Neither party opposed confirmation of the award based upon the grounds set forth in A.R.S. § 12–1512.

*Milford,* 132 N.J.Super. 365, 333 A.2d 580 (1975); 6 C.J.S. Arbitration, § 143, n. 76. Clearly, the amount owing by Avenue to Creative became liquidated at the time the award was issued, and under the parties' contract was then due and owing without the necessity of a demand for payment. In our opinion, the rule stated by the above authorities is sound, and accordingly we hold that the judgment entered by the trial court must be modified so as to allow Creative pre-judgment interest on the net amount of the arbitrators' award from the date of the issuance of the initial award.

Avenue's timely filed request for attorney's fees on appeal is granted in an amount to be determined following the filing of its statement of costs in compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

The judgment entered by the trial court is reversed in part and remanded for modification in accordance with this opinion.

GREEN, P.J., and BROOKS, J., concur.