JERRI LINN MAUSBACH, Appellant, v. ALICIA M. LEMKE and JOHN S. JUREACK, Respondents.

No. 23743

January 20, 1994                                    866 P.2d 1146

*Albert D. Massi, Ltd.* and *Allen A. Cap,* Las Vegas, for Appellant.

*Edwards, Hale & Hansen* and *Sharon Gwin Immerman,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal challenges the district court's rejection of a request for prejudgment interest in connection with the confirmation of an arbitrator's award. We conclude that the court's ruling was correct and therefore affirm.

### FACTS

The facts are not in dispute. Appellant Jerri Linn Mausbach obtained an arbitration award against respondents Alicia M.

Lemke and John S. Jureack (collectively "Lemke") pursuant to an action filed by Mausbach against Lemke for personal injuries suffered in an automobile collision. The parties agreed that the matter qualified for arbitration under the provisions of NRS 38.215, then in effect.[1] The arbitration resulted in an award to Mausbach of $10,599.44.

Shortly after the arbitrator's decision, Mausbach learned that Lemke's insurer would pay the award exclusive of any prejudgment interest. This prompted Mausbach to move for confirmation of the arbitration award together with prejudgment interest. Lemke opposed the motion, first noting that Lemke had tendered a check to Mausbach in the full amount of the award. Lemke also argued that the law did not provide for an award of prejudgment interest and that, in any event, the issue was subsumed within the arbitration proceedings.

The district court confirmed the arbitration award, entering judgment in favor of Mausbach in the amount of $10,599.44, but denied Mausbach's request for prejudgment interest. This appeal ensued.

## DISCUSSION

This appeal presents an issue of first impression in this state. We are asked to determine whether the district court, acting pursuant to NRS 17.130,[2] may add prejudgment interest to a

---

[1]NRS 38.215, before its repeal, provided:

    1. Except as otherwise provided in subsection 2, all civil actions for damages for personal injury, death or property damage arising out of the ownership, maintenance or use of a motor vehicle, where the cause of action arises in this state and the amount in issue does not exceed $25,000, must be submitted to arbitration, in accordance with the provisions of NRS 38.015 to 38.205, inclusive.

    2. Subsection 1 does not apply to any such action within the jurisdiction of the justice's court, unless the parties agree, orally or in writing, that the action will be submitted to arbitration or the justice's court so orders.

[2]NRS 17.130 provides:

    1. In all judgments and decrees, rendered by any court of justice, for any debt, damages or costs, and in all executions issued thereon, the amount must be computed, as near as may be, in dollars and cents, rejecting smaller fractions, and no judgment, or other proceedings, may be considered erroneous for that omission.

    2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the commissioner of financial institutions on January 1 or July 1, as the

confirmed arbitration award. Both parties rely upon language in NRS 38.165 to support their respective positions. That statute provides:

> Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequently thereto, and disbursements may be awarded by the court.

Mausbach contends that a judgment resulting from an arbitration award is to be enforced as any other judgment, and that prejudgment interest is therefore mandated pursuant to NRS 17.130. Mausbach insists that nothing in the Uniform Arbitration Act prohibits the assessment of interest on the award.

Lemke challenges Mausbach's premise by citing to the last sentence of NRS 38.165, which limits an award of costs and fees incurred in arbitration proceedings to those connected with the application for confirmation and proceedings arising thereafter. *See* Hot Springs County Sch. Dist. v. Strube Constr. Co., 715 P.2d 540 (Wyo. 1986). The Wyoming case held that the legislature did not intend that its interest statute, Wyo.Stat. § 1-16-102(a),[3] apply to arbitration awards. The court stated:

> In reaching this conclusion, we are not without guidance from the legislature. In the Uniform Arbitration Act itself, awards are not treated as judgments for purposes of enforcement until "the granting of an order confirming, modifying or correcting an award" by the district court.

*Strube Constr.,* 715 P.2d at 549.

We conclude that the language upon which Mausbach relies does not support her position that a judgment pursuant to an arbitration award is subject to prejudgment interest. NRS 38.165 simply states that a judgment entered pursuant to confirmation shall be "enforced" as any other judgment. The purpose served by the entry of judgment upon confirmation of an arbitration award is that of providing a basis for enforcing the award. H.E. Sargent, Inc. v. Town of Millinocket, 478 A.2d 683, 686 (Me.

---

case may be, immediately preceding the date of judgment, plus 2 percent. The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied.

[3]That statute provided that: "Except as provided in subsection (b) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid."

1984). Here, Lemke had already paid the $10,599.44 award, thus relieving Mausbach of the need to enforce the judgment. Mausbach's confirmation proceedings were initiated only for the purpose of obtaining prejudgment interest from the date the lawsuit was filed.

Mausbach asserts that this court and courts in other jurisdictions have concluded that prejudgment interest may be added to judgments based upon arbitration awards. Citing County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 653 P.2d 1217 (1982), Hooten Constr. Co., Inc. v. Borsberry Constr. Co., Inc., 769 P.2d 726, 730 (N.M. 1989) and Waldrop v. Rodery, 190 N.W.2d 691 (Mich.Ct.App. 1971), Mausbach contends that there is ample support for her position. The *Blanchard* decision is distinguishable both on the facts and the issues actually decided by this court.[4] We do not elect to follow the minority view represented by the other decisions cited by Mausbach.

The weight of authority supports Lemke's position that the addition of prejudgment interest upon confirmation of an arbitration award constitutes an impermissible modification of the award. *See, e.g.,* Creative Builders v. Avenue Devs., Inc., 715 P.2d 308 (Ariz.Ct.App. 1986) (*see infra*); McDaniel v. Berhalter, 405 So.2d 1027, 1030 (Fla.Dist.Ct.App. 1981) (trial court not authorized to add interest to arbitrator's award for period predating award where award stated it was in full settlement of all claims); Westmark Properties, Inc. v. McGuire, 766 P.2d 1146, 1148 (Wash.Ct.App. 1989) (trial court erred in adding prejudgment interest to arbitrator's award as it was foreclosed from going behind face of award for determining whether test for prejudgment interest had been met); Leach v. O'Neill, 568 A.2d 1189 (N.H. 1990) (discussed below).

In *Leach,* an arbitration award had been entered in favor of the plaintiffs in a personal injury action. In confirming the arbitration

---

[4]In *Blanchard,* the district court did award prejudgment interest upon confirming the arbitrator's award. However, the issue presented to this court was whether interest was properly assessed against a portion of the award involving a sum tendered prior to arbitration with an unwarranted condition attached. Allowance of the interest was permitted by this court against a challenge based exclusively upon an untenable theory of failure to mitigate damages. *Blanchard,* 98 Nev. at 492-93, 653 P.2d at 1220-21.

Unlike the *Blanchard* case, Lemke has raised the specific issue of whether the district court is authorized to add prejudgment interest to an arbitration award upon confirmation of such an award. This issue was simply not raised or decided in *Blanchard;* therefore, it was not considered in our analysis.

Accordingly, *Blanchard* is not authority for the proposition that a district court may add prejudgment interest to an arbitration award. That issue is decided in the instant appeal.

award, the trial court provided for interest from the date of the award. The plaintiffs appealed, contending that they were entitled to interest from the date they commenced the action. The New Hampshire Supreme Court rejected the argument, stating:

> After an award is rendered by an arbitrator, the superior court's power is limited to confirming the award, modifying the award for plain mistake, or vacating the award for fraud, corruption, or misconduct by the parties or arbitrators. [N.H. Rev.Stat.Ann. §] 542.8. "Upon the granting of an order confirming . . . an award, judgment may be entered in conformity therewith. . . ." [N.H. Rev.Stat.Ann. §] 542.9. [N.H. Rev.Stat.Ann.] chapter 542 does not authorize the superior court to add interest to an arbitration award. Indeed, the law in New Hampshire has long been established that if an award is accepted by the superior court and an order is granted confirming the award, "[t]here can be no variation from it."

*Id.* at 1190 (citations omitted).

In *Creative Builders,* the trial court awarded prejudgment interest *sua sponte* upon confirmation of an arbitration award in a contract case. The Arizona Court of Appeals reversed, holding that "the trial court erred in modifying the award so as to include pre-award interest." *Creative Builders,* 715 P.2d at 313. The court reasoned that the party's entire claim was submitted to arbitration, including any claim for pre-award interest, and such claim "must be deemed to have merged in the arbitration award." *Id.* at 312; *accord McDaniel,* 405 So.2d at 1030.

"The district court's power of review of an arbitration award is limited to the statutory grounds provided in the Uniform Arbitration Act." New Shy Clown Casino v. Baldwin, 103 Nev. 269, 271, 737 P.2d 524, 525 (1987); *see also* Container Technology Corp. v. J. Gadsden Pty., Ltd., 781 P.2d 119, 121 (Colo.Ct.App. 1989) (the issues before the court in a confirmation proceeding are limited by the terms of the Uniform Arbitration Act.)[5]

In Nevada, the Uniform Arbitration Act is embodied in NRS Chapter 38. NRS 38.165 provides that "upon the granting of an order confirming . . . an award, judgment . . . shall be entered *in conformity therewith* . . . ." (Emphasis added.) The only authority the district court is given to deviate from the award upon

---

[5]In this regard, Mausbach's reliance upon Waldrop v. Rodery, 190 N.W.2d 691 (Mich.Ct.App. 1971) is misplaced. *Waldrop* was not decided under the Uniform Arbitration Act. The Michigan appellate court's decision affirming the award of prejudgment interest and attorney's fees was based upon Michigan's general statutes and court rules. *Id.* at 693-94.

confirmation is to award costs and attorney's fees incurred in obtaining the confirmation. *See* NRS 38.165.

The circumstances under which a district court may modify or correct an award are statutorily limited. *See* NRS 38.155;[6] *New Shy Clown Casino,* 103 Nev. at 271, 737 P.2d at 525. Since an order awarding prejudgment interest is not among the statutory bases for modifying an award, the inclusion of such interest constitutes an impermissible modification of the arbitrator's award. *See Creative Builders,* 715 P.2d at 313.

For the above reasons, we conclude that, absent statutory or contractual authority, a district court in a confirmation proceeding may not add prejudgment interest to the arbitration award. Therefore, the district court properly declined to award prejudgment interest when it confirmed the arbitrator's award in this case.

We note that we have said nothing that would preclude an arbitrator from expressly providing for prejudgment interest in an award, even where the added interest would cause the total award to exceed the $25,000.00 limit imposed by the arbitration act. Nor does our ruling preclude the district court from awarding post-judgment interest, commencing from the date of entry of the award itself. *See Creative Builders,* 715 P.2d at 313.

## CONCLUSION

As previously noted, we join the weight of authority and conclude that the district court properly refused to award prejudg-

---

[6]NRS 38.155 provides:

1.   Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

2.   If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

3.   An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

ment interest when it confirmed Mausbach's arbitration award and entered judgment thereon. Accordingly, the order of the district court is affirmed.