**NATIONAL AVENUE BUILDING COMPANY, Plaintiff–Respondent,**

v.

**Donald R. STEWART, Defendant–Appellant.**

**No. 20931.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 27, 1997.

Motion for Rehearing or Transfer Denied March 17, 1997.

Thomas W. Rynard, Craft, Fridkin & Rhyne, Jefferson City, for defendant–appellant.

Frank M. Evans, III, Daniel R. Wichmer, Miller & Sanford, P.C., Springfield, for plaintiff–respondent.

BARNEY, Presiding Judge.

This is an appeal by Donald R. Stewart (Appellant) from an order of the trial court confirming an arbitrators' award of $208,-587.17 in his favor. This figure included the amount of the arbitrators' award ($162,-889.00), plus interest at the rate of 10% per terms of the disputed contract ($45,698.17) for the period of March 9, 1985, through January 8, 1988, (the date the arbitration hearing ended).[1] Appellant contends on appeal that the trial court erred in failing to grant additional contractual interest from the date of the arbitrators' award (January 20, 1988) to the date that the judgment was entered by the trial court confirming the award. (March 29, 1996).[2]

On July 19, 1991, Appellant filed an Application to Confirm Arbitration Award.[3] In this petition, Appellant stated: "The judgment confirming the arbitration award should contain a judgment against NABCO [Respondent] for the amount of $208,587.17, the amount of the arbitration award, plus such interest on that amount as is allowed by law, from and after January 20, 1988."

---

1. The judgment entered was identical to the award granted by the arbitrators.

2. We note that the procedural history between these parties and the case being litigated spans almost twelve years. There have been four previous appeals to this Court on various issues throughout this time frame. *See National Avenue Bldg. Co. v. Stewart*, 794 S.W.2d 304 (Mo.App. 1990); *National Avenue Bldg. Co. v. Stewart*, 838 S.W.2d 514 (Mo.App.1992); *State ex rel. Stewart v. McGuire*, 838 S.W.2d 516 (Mo.App.1992); *National Avenue Bldg. Co. v. Stewart*, 910 S.W.2d 334 (Mo.App.1995). For disposition of this appeal, however, a detailed recitation of this history is unnecessary.

3. The arbitration award was originally filed with the trial court by Appellant on February 2, 1988. Various motions were then filed, primarily by Respondent, and on July 11, 1989, for reasons we do not know, Appellant voluntarily filed a Motion for Dismissal of the Award. Understanding that the procedural maneuvering in this case has been constant from its inception lends explanation to the gaps that appear in the timing of this case.

In addition to the request in the pleadings, the trial court had before it proposed orders and suggestions in support thereof from both parties. The judgment issued by the trial court, on March 29, 1996, however, made no findings as to Appellant's request for additional interest. The judgment, in pertinent part, stated:

WHEREFORE, IT IS HEREBY ORDERED that:

1. Defendant Donald R. Stewart's motion to confirm arbitration award is granted. The arbitration award entered on January 20, 1988, in favor of Donald R. Stewart in the arbitration proceeding *Donald R. Stewart v. National Avenue Building Company*, Case No. 57–110–0033–85 is hereby confirmed.

2. Judgment is hereby entered in favor of Donald R. Stewart and against National Avenue Building Company in the sum of One Hundred Sixty–Two Thousand Eight Hundred Eighty–Nine and No/100 Dollars ($162,889.00), plus interest on said amount at the contract rate of ten percent (10%) from March 9, 1985 through January 8, 1988, namely the additional sum of Forty–Five Thousand Six Hundred Ninety–Eight and 17/100 Dollars ($45,698.17), for a total award of Two Hundred Eight Thousand Five Hundred Eighty–Seven and 17/100 Dollars ($208,587.17).

"As a general rule, for the purpose of appeal a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case." *Wilson v. Mercantile Bank of Springfield*, 791 S.W.2d 497, 500 (Mo.App.1990); *see also Allen v. G & J Enters.*, 856 S.W.2d 347, 348 (Mo.App. 1993). Failure to dispose of all issues renders the judgment non-final and non-appealable, and we have no jurisdiction to consider the appeal. *Alliett & Williams v. Tri–City Constr. Co.*, 694 S.W.2d 287, 288 (Mo.App. 1985).

In *Alliett*, the trial court's order was silent on the issue of award-to-judgment interest, although such relief had been requested by the plaintiff's motion to confirm the award. The court held that the trial court's silence on the matter could not be assumed as a denial of the request for award-to-judgment interest. *Id.* at 288. Therefore, because the appeal failed to dispose of all the issues, it was not a final and appealable order and was dismissed.

We follow the same course of action as the court in *Alliett* and dismiss the current appeal as the trial court's order is silent on the issue of Appellant's request for additional interest and the trial court's silence cannot be deemed a denial of the request.

Appeal dismissed.

GARRISON and PREWITT, JJ., concur.