NATIONAL AVENUE BUILDING
COMPANY, Plaintiff–
Respondent,

v.

Donald R. STEWART, Defendant–
Appellant.

Nos. 21991, 22015.

Missouri Court of Appeals,
Southern District,
Division One.

July 31, 1998.

Thomas W. Rynard, Craft, Fridkin & Rhyne, Jefferson City, for Defendant–Appellant.

Frank M. Evans, III, Daniel R. Wichmer, Miller & Sanford, P.C., Springfield, for Plaintiff–Respondent.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

PER CURIAM.

This case, involving the arbitration of disputes between the parties now makes its sixth appearance in this court. On this appeal, Donald R. Stewart ("Stewart") complains that the trial court did not add prejudgment interest to the arbitrators' award in his favor when confirming it.[1]

We need not review the entire procedural and factual history of this matter. Those interested in such a review may consult the earlier decisions referred to marginally.[2]

---

1. This appeal involves two consolidated cases, one arising from a judgment entered in the trial court on September 11, 1997, and another entered in the same case on November 6, 1997. The two judgments were identical. The September judgment was not distributed to counsel, and the trial court set it aside when it entered the November judgment. "Out of an excess of caution, and so as not to lose [his] right to appeal from the order and judgment of either September 11, 1997, or November 6, 1997," Stewart sought, and received leave to file an appeal from the September judgment out of time. He filed a notice of appeal from the September judgment on December 11, 1997, and this case became Appeal No. 21991. One day earlier, Stewart filed a notice of appeal from the November judgment, and that case became Appeal No. 22015.

The two cases were consolidated shortly thereafter. Since the September judgment was set aside, the appeal in Case No. 21991 is moot. This opinion, therefore relates to Case No. 22015. The parties raise no issue about the timeliness of setting the September judgment aside.

2. *See National Avenue Bldg. Co. v. Stewart*, 794 S.W.2d 304 (Mo.App. S.D.1990); *National Avenue Bldg. Co. v. Stewart*, 838 S.W.2d 514 (Mo.App. S.D.1992); *State ex rel. Stewart v. McGuire*, 838 S.W.2d 516 (Mo.App. S.D.1992); *National Avenue Bldg. Co. v. Stewart*, 910 S.W.2d 334 (Mo.App. S.D.1995); *National Avenue Bldg. Co. v. Stewart*, 943 S.W.2d 10 (Mo.App. S.D.1997).

Suffice it to say that the parties entered into a contract (the "contract") in 1984 whereby Stewart was to perform excavating, grading, and paving work for National Avenue Building Co. ("National") in connection with the development of a tract of land. The contract provided that "[p]ayments due and unpaid under the Contract Documents shall bear interest from the date payment is due ..." of ten percent per annum. It also provided that "[a]ll claims, disputes and other matters in question between [Stewart] and [National] arising out of or relating to the Contract Documents or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ..."

Disputes between the parties arose and were submitted to arbitration. The documents forming the issues before the arbitrators are not in the record before us, and we cannot determine whether Stewart specifically requested interest as part of his claim. Sometime between January 12 and January 20, 1988,[3] the arbitrators entered their award in favor of Stewart in the amount of $162,-889.00, plus ten percent interest from March 9, 1985 through January 8, 1988, in the amount of $45,698.17, for a total award of $208,587.17. On February 2, 1988, Stewart filed the award with the circuit clerk and requested that it be confirmed as a judgment. There was no request at that time for additional interest. On July 11, 1989, Stewart dismissed without prejudice his request that the award be confirmed.

On July 19, 1991, Stewart filed a motion to confirm the arbitration award in which he requested that the trial court enter a judgment confirming the arbitrators' award "plus any interest on such amount to which [Stewart] is entitled by law." Multifarious maneuvering occurred between the parties until the trial court entered a judgment on March 29, 1996 in the amount of the arbitrators' award. No mention was made, however, of the additional interest requested by Stewart. This court dismissed Stewart's appeal from that judgment because it did not dispose of all

issues, namely, the issue of interest. *See National Avenue Bldg. Co. v. Stewart*, 943 S.W.2d 10, 12 (Mo.App. S.D.1997).

The trial court subsequently entered another judgment in which it specifically held that "[i]n accordance with the arbitration award, no additional interest is awarded," and "Stewart's claim for interest between the date of the arbitrator's [sic] award (January 20, 1988) and the present is denied." This appeal followed.

Stewart raises a single point on appeal:

> The trial court erred in entering a judgment amount [sic] of $208,587.17, an amount that did not include interest at the rate of 10% from the date of the arbitration award to the date of judgment, in that [Stewart] was entitled to interest on the amount awarded as damages by the arbitration panel for the reason that the contract between [Stewart] and [National] provided for the payment of interest at the rate of 10% from the date that payment was due and unpaid under the contract.

Stewart did not seek to have the trial court vacate, modify, or correct the award pursuant to § 435.405 or § 435.410.[4] Rather, he takes issue with the trial court's failure to add to the judgment confirming the arbitrators' award a provision for interest between January 20, 1988 (the ending date for interest pursuant to the arbitrators' award), and November 6, 1997 (the date of the trial court's judgment).

The standard of review enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976) is applicable in court-tried cases involving arbitration awards. *Sheffield Assembly of God Church, Inc. v. American Ins. Co.*, 870 S.W.2d 926, 929 (Mo.App. W.D.1994). We will confirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

■ The parties have cited no Missouri cases deciding the issue presented here, and

---

3. The award was signed by the three arbitrators on various dates between January 12 and 20th, 1988.

4. All statutory references are to RSMo 1994, unless otherwise indicated.

our research has revealed none. Section 435.450 provides that the Uniform Arbitration Act embodied in §§ 435.350 -.470 shall be construed "to effectuate its general purpose to make uniform the law of those states which enact it." This gives special importance to precedents from other states on the same issue. *Heineman v. Charno*, 877 S.W.2d 224, 227 (Mo.App. W.D.1994). "If there is no Missouri authority, and there is no compelling policy to overcome the need for uniformity, provisions of the UAA should be construed consistent with the decisional law of other signatory states." *Id.*

There are a number of reported cases holding that a party obtaining an arbitration award is entitled to interest from the date of the award to the date of the judgment confirming it. *See Lundgren v. Freeman*, 307 F.2d 104, 110–12 (9th Cir.1962); *Meat & Allied Food Workers Local 248 v. Packerland Packing Co.*, 411 F.Supp. 1280, 1284 (E.D.Wis.1976); *McDaniel v. Berhalter*, 405 So.2d 1027, 1030 (Fla.Dist.Ct.App.1981); *Jensen v. Illinois Farmers Ins. Co.*, 404 N.W.2d 880, 881 (Minn.Ct.App.1987); *Hackman v. American Liab. Ins. Co.*, 110 N.H. 87, 261 A.2d 433, 438 (1970); *Ukrainian Nat'l. Urban Renewal Corp., v. Joseph L. Muscarelle, Inc.*, 151 N.J.Super. 386, 376 A.2d 1299, 1307 (App.Div.1977); *Harsen v. Board of Education*, 132 N.J.Super. 365, 333 A.2d 580, 591 (Law Div.1975); *New Mexico, ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. 192, 769 P.2d 726, 729–30 (1989); *Durant v. Motor Vehicle Accident Indemnification Corp.*, 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600, 601 (1965); *Weldon & Kelly Co. v. Pavia Co.*, 354 Pa. 75, 46 A.2d 466, 468 (1946); *Kermacy v. First Unitarian Church*, 361 S.W.2d 734, 735–36 (Tex.Civ.App.1962); *R.E. Bean Constr. Co. v. Middlebury, Assocs.*, 139 Vt. 200, 428 A.2d 306, 313–14 (1980).

National attaches significance to the fact that the arbitrators had the authority to, but did not, assess post-award interest. In support, it cites *Reilly v. Metropolitan Property & Liability Insurance Co.*, 412 Mass. 1006, 588 N.E.2d 628 (1992), and *Sansone v. Metropolitan Property & Liability Insurance Co.*, 30 Mass.App.Ct. 660, 572 N.E.2d 588 (1991), each of which involved judgments entered by the trial court confirming the awards and in which interest was added. Both cases distinguish between pre-award and post-award interest, but hold that the trial court was correct in including interest from the date of the award to the date it was paid. *Reilly*, 588 N.E.2d at 629–30; *Sansone*, 572 N.E.2d at 590–91.

Nevertheless, National argues that the trial court lacked authority to add post-award interest to its judgment in this case because it was not included in the arbitrators' award. In support, it cites *Kersting v. Royal–Milbank Insurance*, 456 N.W.2d 270, 275 (Minn. Ct.App.1990), which held that a successful arbitration claimant was not entitled to have the trial court enter a judgment awarding prejudgment interest from the date of an arbitration award. The court reasoned that a claim for such interest was waived if not raised before the arbitrators, and if it was raised, but the award did not include it, the proper procedure was to seek a modification or correction of the award. *Id.* To the same effect is *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.*, 348 N.W.2d 748 (Minn.1984). There, the claimant requested, but was not granted, pre-judgment interest by the arbitrators, and the trial court added pre-judgment interest in confirming the award. The allowance of interest was reversed on appeal, with the court reasoning that such interest could not be awarded by the trial court where the claimant requested that relief in the application for arbitration, but did not receive it from the arbitrators. *Id.* at 752. Instead, the court held, the appropriate procedure would have been a request to modify or correct the arbitrators' award. *Id.*

*Wanschura v. Western National Mutual Insurance Co.*, 389 N.W.2d 927 (Minn.App. 1986) is another Minnesota case in which the appellate court affirmed the trial court's decision refusing a request to add pre-judgment interest to its judgment confirming an arbitration award. The court noted that the Minnesota statutes permit vacation, modification or correction of arbitrators' awards upon specified statutory grounds, but that if the award is to be confirmed, the judgment doing

so is to be "in conformity" with the award. *Id.* at 928.

In Missouri, § 435.415 provides that "[u]pon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." In *Creative Builders, Inc. v. Avenue Developments, Inc.*, 148 Ariz. 452, 715 P.2d 308, 312 (App.1986) the court noted that "[e]xcept for certain well-defined circumstances set forth in our arbitration statutes, the trial court has no authority to modify an arbitration award when request is made for confirmation of that award ..." That case involved contractual provisions substantially the same as those involved here. There, the appellate court distinguished between pre-award interest and interest between the time of the award and the date of the judgment confirming it. It held that the issue of pre-award interest was merged in the arbitrators' award and could not be modified by the trial court in a judgment confirming it. *Id.* The court noted an Arizona statute that mandates interest on a liquidated claim, at the rate set by statute or as agreed to by the parties, and held that the amount owing under the construction contract became liquidated, and was due and owing under that contract, when the arbitrators' award was entered. *Id.* 715 P.2d at 313. It further held that the claimant was entitled to have the trial court's judgment modified so as to allow pre-judgment interest on the arbitration award from the date it was entered. *Id.* at 314. *See also Mausbach v. Lemke,* 110 Nev. 37, 866 P.2d 1146, 1149–50 (1994).

■ Similarly, our § 408.020 provides, in pertinent part:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts ...

"This statute requires prejudgment interest to be awarded whenever the amount due is liquidated or, if not strictly liquidated, readily ascertainable by reference to recognized standards." *Dierker Associates, D.C., P.C. v. Gillis,* 859 S.W.2d 737, 746 (Mo.App. E.D. 1993). *See also Schnucks Carrollton Corp. v. Bridgeton Health and Fitness, Inc.,* 884 S.W.2d 733, 740 (Mo.App. E.D.1994).

We agree with the *Creative Builders'* court, and with the majority of the other cases cited in this opinion, that Stewart is entitled to a judgment which includes interest on the principal amount owing ($162,-889.00), at the contract rate of ten percent from the date of the arbitrators' award. Stewart identifies the date of the award as February 2, 1988, the date the award was filed with the circuit court.[5] He requests that this interest run from that date to the date of the judgment. We agree that he is entitled to that relief.

■ We do not overlook National's additional argument that equitable principles of fairness and justice should preclude prejudgment interest in this case. It cites *Insurance Co. of North America v. Skyway Aviation, Inc.,* 828 S.W.2d 888 (Mo.App. W.D.1992) in support of that premise. The *Skyway* case, however, was an interpleader action which, the court noted, was an equitable remedy. *Id.* at 892. The court also said that "[i]n equity, allowance of prejudgment interest remains discretionary with the trial court." *Id.* Likewise in, *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858, 872 (Mo.App. E.D.1995), the court said that "[i]n equitable actions, the determination of whether to award prejudgment interest is left to the discretion of the trial court." The instant case is not one founded in equity. Additionally, neither *Skyway* nor *21 West* involved contracts setting the rate of interest. National cites no authority for the proposition that the trial court has discretion to deny prejudgment interest in cases where the parties have contractually provided for it, as they did in this case.

There are cases involving non-equitable claims in which the courts have employed general language indicating that "courts may

---

5. National also identifies February 2, 1988 as the date of the award in its brief. We accept that date for the purposes of this opinion.

... consider equitable principles of fairness and justice when awarding prejudgment interest." *See Catron v. Columbia Mut. Ins. Co.,* 723 S.W.2d 5, 7 (Mo.banc 1987). Even if such principles are applicable to both cases at law, and cases involving contractual interest, an issue which we need not address, here they do not require that interest between the date of the arbitrators' award and the date of the judgment be denied.

National's argument is that fairness dictates the denial of interest because of Stewart's delays in seeking confirmation of the award and entry of a judgment. To some extent, National ignores the purposes for arbitration. In *Sheffield,* 870 S.W.2d at 929, the court noted that the purpose of the Uniform Arbitration Act was to afford parties the opportunity to reach a final disposition of differences in an easier more expeditious manner than by litigation, and that the object of arbitration is to obtain a settlement which will put an end to the dispute. In keeping with this purpose, it has been said that it should be the rule, rather than the exception, that parties will comply with an arbitration award without the necessity of court proceedings, just as the normal result should be that parties comply with a judgment rather than resorting to process or appeal. *Lundgren,* 307 F.2d at 112. Certainly, when no applications are made to vacate, modify or correct an arbitration award, there should be no uncertainty that the amount awarded is owing.

National also cites *Watertown Firefighters, Local 1347 v. Town of Watertown,* 376 Mass. 706, 383 N.E.2d 494 (1978), in support of its argument that equitable considerations may be applied in considering interest on an award. The *Watertown* court noted, however, that an arbitration award fixes definite or ascertainable amounts owing, and that one reason for allowing interest from the date of the award is because it encourages swift obedience by the parties to the award. *Id.* 383 N.E.2d at 500.

In the instant case, we are not persuaded that equitable principles, even if applicable,

6.  This interest shall be in addition to the interest awarded by the arbitrators for the period from

should affect Stewart's entitlement to interest.

In Case No. 22015, the judgment of the trial court is reversed and the case is remanded for entry of a judgment confirming the arbitrators' award and also awarding interest to Stewart at the rate of ten percent per annum on the principal amount declared owing ($162,889.00) from February 2, 1988 until the date of the judgment.[6] Nothing said herein is intended to indicate that Stewart will not also be entitled to interest from the date of the judgment until it is satisfied. As indicated earlier, Case No. 21991 is moot.

March 9, 1985, through January 8, 1988, which the arbitrators calculated as $45,698.17.