**The MILNOT COMPANY,
Plaintiffs/Respondents,**

v.

**AMERICAN INVESTMENTS, LLC
Defendants/Appellants.**

**No. ED 75947.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 14, 1999.

Terrance J. Good, James H. Guest, Lashley & Baer, P.C., St. Louis, for appellant.

J. Talbot Sant, Jr., Marshall R. Hoeckel, Jennifer E. Cook, Armstrong Teasdale LLP, St. Louis, for respondent.

Before: GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

### MEMORANDUM DECISION

PER CURIAM.

American Investments, LLC (American) contends that the trial court erred in granting Milnot Company's (Milnot) application for order confirming arbitration award and for judgment on arbitration award. Specifically, American argues that it did not consent to arbitration and Milnot did not seek an order from the court to compel arbitration.

Court-tried cases involving arbitration awards are reviewed by the standard proclaimed in *Murphy v. Carron*, 536 S.W.2d 30,32 (Mo.banc 1976). *National Ave. Bldg. Co. v. Stewart*, 972 S.W.2d 649, 650 (Mo. App. S.D.1998). We must confirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

The arbitration compulsion statute provides that "[o]n application of a party showing an agreement described in section 435.350, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration." Section 435.355. In the lease that forms the underlying relationship between the parties, American and Milnot agreed to "resolve any claim or controversy related to this Lease or to the Premises through a binding arbitration proceeding in accordance with the Commercial Arbitration Rules of the American Arbitration Association."

In spite of this lease term, American contends that it refused to arbitrate. It points to two letters and one phone call to the American Arbitration Association in which it states that it will not accept arbitration in St. Louis, Missouri. It argues that these statements amount to a refusal to arbitrate. We cannot infer any meaning from these statements other than American's refusal to arbitrate in St. Louis. They do not state American's refusal to arbitrate at all. Nor do they imply American either denied the existence of the arbitration agreement or claimed that this dispute was not covered by the agreement. The original agreement contains nothing that makes American's agreement to arbitrate contingent on the location.

The clear intent of the arbitration compulsion statute is to resolve disputes about the existence of an arbitration agreement, not to provide a means to determine the venue of arbitration. The way in which American wants us to construe the statute would render it ineffective. It would require a hearing in circuit court to hammer out the ground rules prior to arbitration. This would delay and impede the actual arbitration and resolution contemplated by the statute. If American wanted to establish the venue for arbitration, it could have done so in the original agreement. Point denied.

American also contends that the trial court erred in confirming the arbitration award because the arbitrator failed to furnish a copy of the award to American. American claims it was required to do this according to the Commercial Arbitration Rules of the American Arbitration Association. American claims it only received a copy of the award when Milnot attached it to a demand letter months later. American has not shown, and we cannot see, how it was damaged by this alleged breach of the arbitration rules. Consequently, American has not shown how this alleged error materially affected the merits of this action. Point denied. Rule 84.13(b).

The judgment of the trial court is affirmed pursuant to Rule 84.16(b).