CANNON GENERAL CONTRACTORS,
INC., Appellant,

v.

John M. MOCK, Respondent.

No. SD 29761.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 27, 2010.

Matthew J. Fairless, Jeremy K. Johnson, Hazelwood & Weber LLC, St. Charles, for Appellant.

Allen P. Press, Green Jacobson, P.C., St. Louis, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Appellant (Contractor) seeks post-award interest on an arbitration award. Notwithstanding *National Avenue Building Co. v. Stewart,* 972 S.W.2d 649 (Mo.App. 1998), the trial court deemed itself without jurisdiction to so order. We reverse with directions.

## Interest Generally

 At common law and by statute, interest ordinarily runs from the time payment is due. *See Wulfing v. Kansas City Southern Industries,* 842 S.W.2d 133, 160 (Mo.App.1992), *overruled on other grounds, Executive Board of Missouri Baptist Convention v. Carnahan,* 170 S.W.3d 437, 447 n. 5 (Mo.App.2005); § 408.020 (creditors receive 9% interest per annum, if no other rate agreed upon, "for all moneys after they become due and payable").[1] This incentive to promptly pay money obligations also compensates the creditor when the debtor fails to do so. *Wulfing,* 842 S.W.2d at 160. On unliquidated claims, interest does not start until judgment is rendered since a debtor who does not know how much is owed should not be considered in default. *Id.*

## Facts and Background

Respondent (Owner) engaged Contractor for construction work. Their contract required any disputes to be arbitrated. Disagreements arose during the work and Owner stopped paying. Contractor filed for arbitration to collect several pay applications, the total of which Contractor "believed to be between $190,000 and $210,000, plus interest at a rate of 18% per annum from the date of each Payment Application."[2] Owner counterclaimed. An arbitrator held a multi-day hearing and entered his award on May 12, 2008.

Although concluding that neither party proved a breach of contract by the other,[3] the arbitrator ruled that Owner owed $141,449.72 under the pay applications, less $53,546 in setoffs under Owner's counterclaim, for a net award to Contractor of $87,903.72. Consistent with *Wulfing,* however, the arbitrator denied Contractor's request for interest on the pay applications since "[t]he dollar amounts of all claims were not liquidated," and "bona fide disputes existed as to either Party's entitlement to compensation." Owner was to pay the award within ten days.

Owner did not pay. Contractor sought to judicially confirm the award[4] and, citing *National Avenue,* post-award interest from May 12, 2008 at the contract rate of 18% per annum. Owner counterclaimed to set aside the award on various grounds. The trial court rejected all of Owner's arguments, confirmed the award, granted Contractor judgment against Owner for $87,903.72, but deemed itself "without jurisdiction" to order interest in light of the arbitrator's interest ruling and Contractor's failure to seek modification or correction thereof. Thus, the court refused to grant post-award interest and specified

---

1. Statutory references are to RSMo Supp. 2005.

2. The contract provided for 1 1/2% monthly interest on payments due thereunder "from the date payment is due."

3. According to the arbitrator, each party offered persuasive evidence of its justification—Contractor would not work without pay, and Owner would not pay because he was dissatisfied—and there was no clear proof which party first suspended or abandoned its performance.

4. *See* § 435.400 *et seq.*

that its judgment "shall not bear interest, statutory or contractual."

Contractor argues that post-award interest should have been granted and the trial court had jurisdiction to do so. We agree.

## Analysis

■ In *National Avenue*, 972 S.W.2d at 651–52, we explained why a trial court should add post-award interest when it confirms an arbitration award—reasons unrelated to and unaffected by *this* arbitrator's denial of *pre-award* interest. It is the proverbial case of apples and oranges. Contractor sought contract interest "from the date of each Payment Application" as an element of its damages at arbitration, but was denied. Thus, "the issue of pre-award interest was merged in the arbitrators' award and could not be modified by the trial court in a judgment confirming it." *Id.* at 652 (citing *Creative Builders, Inc. v. Avenue Developments, Inc.*, 148 Ariz. 452, 715 P.2d 308 (1986)). By contrast, post-award interest is like post-judgment interest—a penalty for delayed payment (*see Green Acres Enterprises, Inc. v. Freeman*, 876 S.W.2d 636, 641 (Mo.App. 1994)) and should be added to a judgment confirming the award. *See National Avenue*, 972 S.W.2d at 652.

■ The arbitrator ordered Owner to pay the award in ten days. As a rule, parties should comply with an arbitration award without a need for court proceedings. *Id.* at 653. When exceptions occur, as in this case, post-award interest compensates for the payment delay. *Id.* at

651–52; *Wulfing*, 842 S.W.2d at 160. A denial of pre-award interest on unliquidated claims does not bar interest after the arbitrator's award liquidates the debt, nor does Contractor's acquiescence in the pre-award interest ruling preclude statutory interest after the award. The trial court erred in omitting such interest when it confirmed the award.[5]

■ However, Contractor has not proven that interest should be 18% per annum.[6] The arbitrator held that Contractor failed to prove any breach of contract by Owner, but deemed it "unjust and inequitable" for Contractor's claim to fail. Thus, it is unclear whether the award was based on quantum meruit, the arbitrator's sense of fairness, or something else. In any case, Contractor did not prevail on its breach of contract claim or show other entitlement to the higher contract rate of interest.[7] *See Hadley v. Burton*, 265 S.W.3d 361, 371 (Mo.App.2008); *American Property Maintenance v. Monia*, 59 S.W.3d 640, 645–46 (Mo.App.2001). Thus, post-award interest is at the statutory rate of nine percent per annum.

## Conclusion

We reverse that portion of the judgment denying interest on the confirmed arbitration award, and remand with directions to enter an amended judgment in favor of Contractor and against Owner in the amount of $87,903.72, plus interest at the statutory rate of nine percent per annum from and after May 12, 2008, and for court

5. Nor did the trial court lack jurisdiction to grant post-award interest, under the rationale of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 251–54 (Mo. banc 2009) and cases following.

6. *See* § 408.020, *supra*. *See also* § 408.040.1 (judgment on contract bears interest at contract rate or 9%, whichever is higher).

7. Contractor cites *Bolivar Insulation Co. v. R. Logsdon Builders, Inc.*, 929 S.W.2d 232 (Mo. App.1996), but those damages were for breach of contract. *Id.* at 237.

costs. In all other respects, the judgment is affirmed.

RAHMEYER, J., and CORDONNIER, SP.J., concur.