**Paul L. HEINEMAN, Respondent,**

v.

**Lou A. CHARNO, Appellant.**

**No. WD 48184.**

Missouri Court of Appeals, Western District.

June 7, 1994.

Jeffrey S. Bay and Kent A. Coxe, Kansas City, for appellant.

Howard E. Bodney, Overland Park, KS, for respondent.

Before BERREY, P.J., and KENNEDY and ELLIS, JJ.

ELLIS, Judge.

Lou A. Charno appeals from a judgment of the Circuit Court of Jackson County confirming an amended arbitration award entered by Stanley P. Weiner, an arbitrator for the American Arbitration Association, on January 31, 1992. The amended arbitration award directed Charno to pay Paul L. Heineman the sum of $38,327.09, less a credit of $10,776.38 for sums previously paid, granted Charno a tax credit of $10,726.00, and directed her to pay Heineman one-half of the arbitration administrative fee. We affirm.

Heineman and Charno were married on June 8, 1979 and their marriage was dissolved by the Circuit Court of Jackson County on December 30, 1986. A "final decree regarding property and other issues" was entered June 23, 1987 and an appeal from that decree was taken to this Court. *Heineman v. Heineman,* 768 S.W.2d 130, 132 (Mo. App.1989). The record before us in the case at bar consists only of the legal file, and there is little factual background contained therein. However, from what we can glean from the legal file and the parties' briefs, it appears the trial court in the dissolution proceeding did not hear or determine certain issues relating to the their respective tax liabilities. However, Heineman and Charno apparently entered into a "Settlement Agreement" of some sort on June 17, 1986 [1] which provided, among other things, that in the event a dispute arose between them concerning tax liability, the dispute would be resolved solely and exclusively by the American Arbitration Association in accordance with its rules and procedures.

On April 7, 1991, Heineman formally made a demand for arbitration pursuant to the "Settlement Agreement," which described the nature of the dispute to be "[f]ailure to pay agreed share of taxes, interest and penalties," and requesting an award of $30,-148.11, plus interest, attorney's fees and expenses. An arbitration hearing was scheduled for October 2, 1991, at which time the parties apparently stipulated to resolution of the issues.[2] However, Charno requested that the arbitrator refrain from ruling until receipt of certain information from Arthur Andersen & Co. On October 11, 1991, Heineman's attorney wrote the arbitrator indicating his understanding to be that "neither the liability of Ms. Charno nor the amount owed, i.e. $27,550.71 are in issue," and further suggesting the only remaining items for his consideration were whether Heineman was entitled to: (1) statutory interest calculated to be $10,776.38; (2) attorney's fees; and (3) an award of costs. On October 21, 1991, the American Arbitration Association acknowledged receipt of the submission from Arthur Andersen & Co., as well as Heineman's attorney's letter of October 11, 1991, and declared the hearings closed as of October 15, 1991 (the date on which the October 11 letter was received). The following day, October 22, 1991, Charno's attorney wrote the Association, acknowledging receipt of the October 21, 1991 letter, voicing disagreement with the decision to close the hearing October 15, 1991, and asserting that the arbitrator should take evidence with regard to the submissions by Arthur Andersen & Co. and Heineman's lawyer. On October 31, 1991, an award was entered. It merely directed Charno to pay Heineman the sum of $10,776.38. The award was apparently not received by counsel for the parties until late November.

On November 27, 1991, Charno's attorney sent a letter to Heineman's lawyer reciting that pursuant to the award, a check for $10,-776.38 was enclosed. Heineman's attorney responded by letter dated November 30, 1991, which stated in part:

> On Tuesday, November 26, 1991, I received a copy of the Award of the Arbitrator wherein he granted our request for

---

1. The agreement is contained neither in the record on appeal nor in either party's brief.

2. There is no transcript of the hearing or the stipulation contained in the record.

interest, but refused to allow anything for attorney's and accountant's fees.

At the time of the Arbitration Hearing, we represented to the Arbitrator that there was no controversey [sic] as to the liability of Ms. Charno for her portion of the tax liability previously paid by Mr. Heineman. The principal sum of $27,550.71[ ] was represented to be correct subject to confirmation of the tax credit question. That question was resolved in Mr. Heineman's favor. In that regard, I wrote to Mr. Weiner on October 11, 1991 informing him that the tax question had been resolved and that there was no longer any issue as to liability or amount, informing him that the only things remaining for his consideration were the liability of Ms. Charno for interest in the sum of $10,776.38[,] attorney's fees and accounting fees.

Upon receiving my copy of the Arbitration Award, I telephoned Mr. Weiner to see if his understanding of the situation was the same as mine, i.e. that since there was no controversy for him to decide relative to liability for the principal sum and the correctness of the amount thereof, that the award was based solely on the remaining issues. He informed me that we both understood it the same way and that if there was any problem, to let him know. From your letter it would appear that you misunderstood the ruling. Please contact Mr. Weiner to confirm the basis for his ruling. Once you have done so, please remit the principal sum of $27,550.71.

This was followed by a letter from Charno's lawyer to the American Arbitration Association on December 9, 1991. In this letter, Charno stated that a "clarification of the award may be in order." She further suggested that the arbitration should be reopened for evidence "with regard to credits still contended to be due by Ms. Charno or in the alternative, to acknowledge that the award ... took into account all sums due under the demand for arbitration...."

Heineman's attorney responded with a letter to the Association on December 23, 1991, agreeing to reopen the arbitration for the limited purpose of having the arbitrator enter a revised award clarifying Charno's ad-

mitted liability for the tax payment ($27,-550.71), as well as the statutory interest owed by her on that sum. The letter went on to state:

At the time of the hearing Ms. Charno, through counsel, represented to Mr. Weiner (the arbitrator) that she owed the sum of $27,550.71 to Mr. Heineman. She then requested that Mr. Ronald B. Stang provide her with information from Arthur Andersen & Co., the accounting firm involved in preparing the returns, of the disposition of the alternative minimum tax credit carryback of $10,726.00 for the tax year 1983 and asked Mr. Weiner to forego entering the award until that information had been supplied to her. Mr. Heineman agreed to obtain that information through Mr. Stang and to a delay in the entry of the award. The information requested was supplied to Ms. Charno's attorneys on October 8, 1991. Arthur Andersen's letter to Mr. Stang was sent to Ms. Charno's attorneys. That letter explained that neither Mr. Heineman nor Ms. Charno received a benefit from the tax carryback and that any credits relative thereto were addressed by the Government in the settlement of the tax years under examination.

\* \* \* \* \* \*

Mr. Weiner has informed us that his award was for interest only, it having been his understanding that the parties had agreed on Ms. Charno's liability for, and the amount of, the principal.

It does not seem that Ms. Charno is acting in good faith by now taking a different position from her admitted liability. Accordingly, we would ask that Mr. Weiner include attorneys fees for having to respond to the reversal of Ms. Charno's position. We would also ask that Mr. Weiner specify in the award that interest at 9% will run on the entire amount of the award from October 31, 1991.

The next relevant event was entry of the Amended Arbitration Award on January 31, 1992. The Amended Arbitration Award directed Charno to pay Heineman the sum of $38,327.09, less a credit of $10,776.38 for sums previously paid, granted Charno a tax

credit of $10,726.00, and directed her to pay Heineman one-half of the arbitration administrative fee.

On April 17, 1992, Heineman filed a Motion for Confirmation of Arbitration Award and Judgment Thereon in the Circuit Court of Jackson County. Charno answered and moved to vacate the amended arbitration award. Both parties filed suggestions and on July 2, 1993, the trial court made findings of fact and conclusions of law, issued an order confirming the amended arbitration award, and entered judgment in Heineman's favor. From the judgment, Charno brings this appeal. We affirm.

■ Our standard of review is that enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment must be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law.

■ Missouri has adopted the Uniform Arbitration Act ("UAA"), codified in §§ 435.-350–.470, RSMo 1986. The purpose of the UAA is to afford parties the opportunity to achieve a final disposition of their dispute more easily and expeditiously than by litigation. *Western Waterproofing Co. v. Lindenwood Colleges,* 662 S.W.2d 288, 291 (Mo.App. 1983). Arbitration is favored and encouraged by the courts, because it results in a settlement such as will put an end to the dispute. *Masonic Temple Ass'n v. Farrar,* 422 S.W.2d 95, 109 (Mo.App.1967). Therefore, courts construe arbitration proceedings liberally, and every reasonable intendment in favor of the award is indulged. *Id.*

■ Section 435.450 dictates that the Uniform Arbitration Act be construed to "effectuate its general purpose to make uniform the law of those states which enact it." This statutory directive gives special importance to the precedents of other states on the same issue. *State ex rel. Tri–City Constr. Co. v. Marsh,* 668 S.W.2d 148, 151 (Mo.App.1984). If there is no Missouri authority, and there is no compelling policy to overcome the need for uniformity, provisions of the UAA should be construed consistent with the decisional law of other signatory states. *Id.*

■ Charno presents three points for our consideration. She contends the trial court erred in confirming the amended arbitration award (a) because the arbitrator "exceeded his authority" by entering the amended award; (b) because she did not waive objection to alleged violation of the Association's Rules by the arbitrator; and (c) because the arbitrator "exceeded his power" by reopening the hearing, failing to take evidence or let the parties be heard, and issuing the amended award. While drawn as three separate points, it can readily be observed that the thrust of Charno's position is that the arbitrator, either by virtue of statutory law or the Association's Rules, did not have the right to enter the amended award, and Charno did not waive objection to the arbitrator's actions. Therefore, we address the points together.

An arbitration award may be vacated by a court if the arbitrator exceeded his "powers." § 435.405.1(3). However, an arbitrator may change his award, upon application of a party, "for the purpose of clarifying the award." § 435.390; *See Board of Educ. v. Illinois Educ. Labor Relations Bd.,* 170 Ill.App.3d 490, 120 Ill.Dec. 681, 685, 524 N.E.2d 711, 715 (1988) (court acknowledged that an arbitration award may be modified or corrected by the arbitrator "for the purpose of clarifying the award," citing § 9 of the UAA, which is identical to Missouri's § 435.390); *Board of Educ. v. L.R. Foy Constr. Co.,* 237 Kan. 1, 697 P.2d 456, 458 (1985) (application for clarification of an arbitration award can be made "pursuant to K.S.A. 5–409," which is also identical to Missouri § 435.390).

A party's application must be made within twenty days after delivery of the award. § 435.390. Here, Charno's attorney wrote the Association on December 9, 1991, within twenty days after receipt of the award, and stated that he felt "a clarification of the award may be in order." Heineman's lawyer responded with his letter to the Association on December 23, 1991. On January 3, 1992, the Association directed a letter to both attorneys, which stated:

This will acknowledge receipt of a letter dated December 23, 1991 from Howard E.

Bodney, Esq. in reply to the **application for modification and/or clarification of the Award rendered in the above-captioned matter.**

Please be advised that the Association is forwarding, on this date, all documents in connection **with the modification request** to the Arbitrator for **consideration and disposition. As soon as the ruling is received, it will be transmitted to the parties.** (Emphasis added).

This letter clearly demonstrates that the Association considered the letter from Charno's lawyer of December 9, 1991 as a request for clarification of the award. By indicating that the ruling would be transmitted to the parties upon receipt ·by the Association, it is likewise plain that a further hearing would not be conducted. And finally, Charno made no response, much less an objection, to the procedure outlined in the letter. Under these circumstances, and based on the extensive correspondence by, between and among the parties and the Association following the initial award, Charno's letter was sufficient to constitute, and was obviously considered by all involved to be, an application for clarification of the award pursuant to § 435.390. The trial court so found and committed no error in its finding.

■ The second prong of Charno's argument is that the trial court erred in finding that the arbitrator did not violate Rule 36 of the Association by entering the amended award. In its Conclusions of Law, the trial court determined "[t]hat the Arbitrator did not exceed his authority as Arbitrator under Rule 36 of the American Arbitration Association Commercial Arbitration Rules when he entered an Amended Arbitration Award." The court also concluded that Charno "is estopped to deny that the arbitration proceedings were properly and timely conducted by the Arbitrator when he amended the Arbitration Award by reason of her having requested that he reopen the arbitration proceedings," and further that under Rule 38 of the Association's Commercial Arbitration Rules, Charno "waived any failure on the part of the Arbitrator ... to comply with any provision ... of the Rules of the ... Association by reason of her having failed to state a

written objection prior to issuance of the Amended Arbitration Award."

Rule 38 of the Association's Commercial Arbitration Rules (as amended and in effect January, 1991), provides:

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.

Rule 36 provides, in effect, that a hearing may be reopened at any time "before the award is made." Charno asserts that, notwithstanding the provisions of § 435.390 authorizing an arbitrator to change an award, and notwithstanding her lawyer's letter of December 9, 1991 stating that "a clarification of the award may be in order," the arbitrator violated Rule 36 by entering the amended award, and therefore the trial court erred in confirming the amended award and entering judgment. It appears there may be some confusion regarding what constitutes "reopening a hearing," and particularly whether a hearing is "reopened" when an award is changed pursuant to § 435.390. Charno seems to view "reopening a hearing" and "changing" an award as synonymous. We do not necessarily agree with this interpretation, but further analysis is unnecessary to disposition of this point.

If, for the sake of argument, we assume the arbitrator "reopened" the hearing by entering the amended award, and if we further assume that such "reopening" was a violation of the Association's Rule 36, upon receipt of the amended award Charno had constructive knowledge that the arbitrator failed to comply with said Rule. From the record, we cannot ascertain the date on which she received the amended award, which was entered on January 31, 1992. However, nothing in the record even remotely suggests that Charno objected, in writing or otherwise, after entry of the amended award as required by Association Rule 38. Therefore, Charno waived her right to object pursuant to Rule 38, and the trial court correctly so found. *See also Pope Constr. Co. v. State Highway Comm'n*, 230 Mo.App. 502, 92 S.W.2d 974 (1936) (alleged impropriety in

arbitrator's actions held waived by failure to timely object; movant seeking to overturn arbitration award has duty to allege and prove lack of knowledge of things not objected to in order to obviate waiver thereof).

Charno also argues the trial court erred in failing to set aside the amended award because the arbitrator exceeded his power by reopening the hearing, failing to take evidence or let the parties be heard, and issuing the amended award. As noted previously, the trial court is authorized to vacate an award if it finds the arbitrator exceeded his powers. § 435.405.1(3). This argument, like those addressed *supra,* is also premised on Charno's contention that entry of the amended award violated Association Rule 36. We have already determined that she waived any objection she might have had based on violation of Rule 36.

Finally, Charno asserts, as she does throughout her brief, that entry of the amended award involved reopening the hearing. She then reasons that if the hearing was reopened, the provisions of § 435.370(2), which provides that at an arbitration hearing, "the parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing," are applicable. Thus, according to Charno, since the arbitrator did not hold another hearing prior to entry of the amended award, he exceeded his powers and the trial court erred in not vacating the amended award.

We have already determined that Charno's lawyer's letter to the Association of December 9, 1991 constituted an application for change of the award under § 435.390. This was acknowledged in the Association's letter of January 3, 1992. Section 435.390 requires no additional hearing. This fact was also implicitly recognized in the Association's letter. Section 435.390, which authorizes modification or correction of awards, expressly provides that such awards are subject to the provisions of §§ 435.400, 435.405, and 435.-410. It makes no mention of § 435.370, and it is clear from the language of § 435.390 that a further hearing is not envisioned. For this reason, Charno's argument fails.

The judgment of the circuit court is affirmed.

All concur.